**Martha V. GILBERT et al.**

v.

**GENERAL ELECTRIC COMPANY.**

Civ. A. No. 142–72–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 25, 1972.

Seymour Dubow, Richmond, Va., Ruth Weyand, Assoc. Gen. Counsel, Int'l Union of Electrical, Radio & Machine Workers, AFL–CIO and CLC, Washington, D. C., for plaintiffs.

John S. Battle, Jr., Robert H. Patterson, Jr., Richmond, Va., Stanley R. Strauss, Vedder, Price, Kaufman & Kammholz, Washington, D. C., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiffs, alleging that they are victims of sex discrimination employed by the defendant in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, seek relief as a class. The im-

mediate issues before the Court are premised on a motion by defendant employer for a change of venue, and one by plaintiffs seeking leave to add parties plaintiff to the complaint and to amend said complaint.

It is fairly obvious that the suggested addition of parties plaintiff and an amended complaint is for the primary purpose of overriding any adverse venue or jurisdictional determination that this Court has made or may make against named plaintiffs' stated desire to litigate in this division. It should be noted that the presently named plaintiffs purport to represent a national class, and the Court cannot conceive of any purpose of adding predominantly local named plaintiffs other than an effort to affect venue and jurisdictional requirements.

The Court's consideration of the pending motions requires a brief statement as to the background of this matter, as follows:

On May 10, 1972, upon receipt and consideration of papers and pleadings submitted by defendant on a motion to transfer venue, and upon the response thereto by plaintiffs, this Court ordered *sua sponte*, without a hearing, having concluded that the issue was ripe for decision, that this action be transferred to the Western District of Virginia. Plaintiffs, contending that they in effect had the right to select this division as their forum, sought review of the Court's order by way of an application for a writ of mandamus to the United States Court of Appeals for this Circuit. On consideration of same the Court of Appeals vacated the order of transfer and remanded the matter for a hearing, which the Court held on July 24, 1972. It was on that date that plaintiffs moved to add parties plaintiff to the complaint and requested the Court to defer its ruling on defendant's motion to transfer until subsequent to a ruling on their motion to add parties, their purpose being reasonably obvious.

■ The Court in its determination of the motion to add parties plaintiff pursuant to Rule 21, Fed.R.Civ.P., is duty bound to exercise its sound discretion. See Barron & Holtzoff, Federal Practice and Procedure, (Wright Ed.) § 543. While the Court is required to exercise its judicial discretion, it is not inclined to be, and has not in that exercise been, influenced by the efforts of plaintiffs to override its jurisdictional and venue determinations by a technical use of pleadings and motion practice. See Van Dusen v. Barrack, 376 U.S. 612, 624, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

■ In considering the equities, the Court of necessity gives great weight to the fact that the litigation is presently at an initial stage, hence the addition of parties plaintiff would have no prejudicial effect upon the existing named parties as might occur if the case were at a later stage of litigation. The Court concludes that plaintiffs should be sustained on their motion to add parties plaintiff and amend the complaint. This conclusion is reached only after having determined that regardless of the Court's ruling in that regard the plaintiffs must, in addition, be sustained on their contention that the Court was in error in its prior ruling.

Upon reconsideration of the arguments and pleadings herein, the Court is convinced that its ealier reliance upon Stebbins v. State Farm Mutual Auto. Ins. Co., 134 U.S.App.D.C. 193, 413 F.2d 1100, and its stated construction of 42 U.S.C. § 2000e–5(f) was misplaced. No effort on the part of the Court to explain its original error in this regard would change the fact that simply stated, the Court erred. No longer buttressed by its original misreliance on *Stebbins, supra,* the issue herein, *i. e.* construction of 42 U.S. C. § 2000e–5(f), is, the Court being unaware of any case precedent thereto, one of first impression.

The statute in question provides as follows:

(f) Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of the actions brought under this subchapter. Such an action may be brought in any

judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the plaintiff would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

Concluding that the above quoted section is one of special venue, see General Electric Credit Corp. v. James Talcott, Inc., 271 F.Supp. 699 (S.D.N.Y. 1966), the Court looks to the legislative history in an effort to ascertain whether any particular venue considerations, apart from 28 U.S.C. § 1404, were intended by Congress to attach thereto.

The confusion with respect to this section arises from the words

. . . may be brought in any judicial district *in the State* in which the unlawful employment practice is alleged to have been committed. (Emphasis supplied)

If the phrase "in the state" is omitted, the section clearly means that actions shall be brought in the particular district which is the situs of the act complained of. Addition of the phrase "in the state" can result in an interpretation that the action must be brought either (1) anywhere in the appropriate state, or, (2) as if the phrase were omitted, only in the particular judicial district. The latter interpretation treats the phrase "in the state" as surplusage without syntactical effect. General venue considerations would, without more, cause the Court to adopt the latter interpretation and to attribute the equivocal

wording to poor draftsmanship. However, as heretofore noted, this is not a general venue statute and usual venue considerations do not apply. See SEC v. Wimer, 75 F.Supp. 955, 963 (W.D.Pa. 1948). Moreover, legislative history shows that the phrase "in the state" was *added* by the Senate to the original House version which omitted it, 110 Cong.Rec. 2511, col. 3; 110 Cong.Rec. 12814, and said addition was reflected in the remarks of Senator Humphrey during floor debate, 110 Cong.Rec. 12723, col. 3. It is apparent, therefore, that the phrase was purposely added and not merely a product of poor draftsmanship. Accordingly, the Court concludes that the phrase must be given full syntactical weight in upholding plaintiffs' contention that the section provides for a forum in any part of the state.

Two other considerations lend weight to this conclusion. First, while the Court finds disturbing the suggestion that litigants may so blatantly engage in forum shopping, it does not seem inconsistent with Congress' militant approach to affording citizens full redress of civil rights grievances to allow plaintiffs a particularly wide latitude in choosing the situs of their litigation. Such latitude affords greater convenience to plaintiffs and enables them to avoid potential local economic and political pressures which might be believed to serve to hinder a trial judge's efforts to maintain an unfettered, impartial atmosphere.

A second consideration is relevant to the litigation herein. The broad latitude given by the statute is particularly engaging when taken in conjunction with class actions. Such actions, which are particularly appropriate and plentiful under Title VII, are often of interstate or intrastate character, stretching in geographical impact beyond the limits of particular divisions or state districts. In this light, determination of venue merely upon the named litigants would have an arbitrary effect.

Having concluded that venue for the action herein properly lies in this district, the Court now returns to plaintiffs'

motion to add parties plaintiff. Defendants, in their pleadings, have upon affidavits questioned the intention of several of the newly named plaintiffs to be included herein. Said affidavits give rise to serious questions of the personal intent of said parties. The Court will therefore conditionally grant the motion to add parties, with leave to those named to withdraw from the action herein.

An appropriate order shall enter.