**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

v.

**PARISH WATER WORK'S COMPANY, INC., et al.**

Civ. A. No. 75–3789.

United States District Court,
E. D. Louisiana.

May 10, 1976.

Herman J. Mouton, Jr., EEOC, Denver Reg. Litigation Center, Denver, Colo., for plaintiff.

Taylor, Porter, Brooks & Phillips, William A. Norfolk, Baton Rouge, La., for defendants.

ALVIN B. RUBIN, District Judge:

The Equal Employment Opportunity Commission filed this suit in the Eastern District of Louisiana, which holds court in New Orleans, alleging racial discrimination

in employment practices by the defendants in their operations in Baton Rouge, Louisiana. Baton Rouge is in the Middle District of Louisiana. The defendants filed a motion to dismiss for improper venue, claiming that, since the alleged unlawful practices took place in the Middle District of Louisiana, the action could not be brought in the Eastern District. Relying on the language of the statute, which provides for venue in "any judicial district in the state in which the unlawful employment practice is alleged to have been committed," and the opinions of Judge Mehrige in *Joseph v. House,* E.D.Va.1973, 353 F.Supp. 367 and *Gilbert v. General Electric Co.,* E.D.Va.1972, 347 F.Supp. 1058, this court denied the motion. The defendants then filed this motion to transfer the action to the Middle District.

Since all the acts complained of allegedly occurred in the Middle District of Louisiana, all the witnesses reside there, and all the records of the defendants are there, it is apparent that the Middle District is a more convenient forum within the meaning of 28 U.S.C. § 1404(a). The only question, therefore, is whether the transfer statute applies to actions brought under Title VII of the 1964 Civil Rights Act, or whether Congress intended to give the plaintiff in such actions absolute control of the choice of a forum among the possible alternatives set forth in the statute.

The broad venue provisions set forth in 42 U.S.C. § 2000e–5(f)(3) give the plaintiff the initial opportunity to engage in forum-shopping within the state in which the alleged wrongful act occurred. In *Ashworth v. Eastern Airlines, Inc.,* E.D.Va.1974, 389 F.Supp. 597, 9 EPD 9964, Judge Mehrige read this provision as indicative of a congressional intention to give the plaintiff the absolute right to choose the forum.

But this view, in my opinion, fails to take into account the legislative history and does not give adequate consideration to the full language of the statute. Section 706(f), 42 U.S.C. § 2000e–5(f)(3) provides:

Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. *For purposes of sections 1404 and 1406 of Title 28,* the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the actions might have been brought. (emphasis added)

This specific reference to the transfer statutes in the venue provision of Title VII was added in the Senate by Substitute Amendment No. 656 to H.R. 7152 on motion of Senator Dirksen. In explaining the amendment Senator Dirksen said:

"This subsection [706(f)] provides for jurisdiction of such civil actions in the U. S. district courts. The provision for venue either in the district in which the practice is alleged to have been committed or in the district in which the respondent has his principal office is modified to require the action to be brought in the district in which the practice was alleged to have been committed, or in which the employment records are maintained and administered or in which the plaintiff would have worked provided that if the respondent cannot be served in any such district, the action can be brought in the district in which the respondent has his principal office. *A provision has been added making the judicial district in which the respondent has his principal office available both in case of a change of venue for the convenience of parties and witnesses under Section 1404 of the Judicial Code, and for dismissal or trans-*

*fer under Section 1406 of the code of a case brought in the wrong district.*" (Emphasis added.)

110 Congressional Record 12817, 12819, Column 2, June 5, 1964.

In the light of this, it cannot be said that Congress intended to place the venue provisions of Title VII outside the purview of the transfer clauses of 28 U.S.C. §§ 1404 and 1406. In view of the purposes to be served by these embracive and long-standing stipulations, designed to facilitate the administration of justice, an intention by Congress to restrict their scope should not lightly be implied. Certainly none can be divined when Congress expressly referred to them and obviously had them in legislative mind as well as in statutory text. Accordingly, the defendants' motion to transfer the action to the Middle District of Louisiana is GRANTED.