Jimmie **COKER, Franklin Grant, Edward H. Allen, Robert Denmark, Robert Coker, for themselves and all other persons similarly situated, Plaintiffs,**

v.

**MARMON GROUP, INC., d/b/a the Perfection American Company, and Rexnord Gear Division of Rexnord, Inc., Defendants.**

Civ. A. No. 78–366.

United States District Court,
D. South Carolina,
Columbia Division.

Aug. 14, 1978.

Ann L. Furr, Columbia, S. C., Reginald C. Brown, Jr., Florence, S. C., for plaintiffs.

Benny R. Greer, Greer & Milling, Darlington, S. C., for defendants.

Jean H. Toal, Columbia, S. C., for Rexnord Gear Division of Rexnord, Inc.

## ORDER ON DEFENDANTS' MOTION TO DISMISS AND CHANGE OF VENUE

HEMPHILL, District Judge.

This is an action for declaratory, injunctive and damage relief on behalf of named plaintiffs and all others similarly situated [1] who have been denied promotions, allegedly resulting in deprivation of income and retirement benefits. Plaintiffs maintain that the denial of promotions was discriminatory in nature, being based on their race, black. Paragraph 12 of the complaint describes the alleged pattern and practice of discrimination in the following particulars: [2]

(a) Maintaining job classifications and departments segregated on the basis of race.

---

1. Plaintiffs seek class certification. A hearing on the matter has not yet been had, however.

2. The allegation by its terms is not limited to the particulars there set out.

(b) Failing and refusing to promote blacks to supervisory positions.

(c) Transferring or hiring whites for supervisory positions over qualified blacks.

Relief is sought under 42 U.S.C. § 2000e, *et seq.* (Title VII), jurisdiction being based on § 2000e–5(f) of that Act. The matter is now before the court on defendant's [Marmon Group, Inc., d/b/a The Perfection American Company (Marmon)] motion to dismiss for failure to join indispensible parties whose joinder is not feasible, pursuant to Federal Rules of Civil Procedure 19 and 12(b)(7), and change of venue pursuant to 28 U.S.C. § 1393. For reasons hereinafter discussed defendant's motions are denied.

## MOTION TO DISMISS FOR FAILURE TO JOIN PARTIES

Defendant maintains that certain parties are indispensible as parties defendant to this action, but that their joinder is not feasible, compelling dismissal. The parties urged as indispensible are Rexnord Gear Division of Rexnord, Inc. (Rexnord) and The United Steelworkers of America and its Local 7486. (The Union.)

Rexnord and Marmon entered into an agreement in May of 1974 whereby Marmon purchased certain assets of Rexnord including the physical plant and certain equipment owned by Rexnord and operated by its Perfection American division, located in Darlington, South Carolina. The agreement contained an indemnity clause whereby Rexnord agreed to hold Marmon harmless for certain liabilities including, Marmon

argues, potential liability of the type here at issue. As such, defendant continues, Rexnord's joinder is necessary to adequately defend pre-May, 1974 violations. Its joinder, according to defendant, is not feasible by virtue of the fact that it was not named in the charge filed with the Equal Employment Opportunity Commission (EEOC), a prerequisite to exercise of the court's subject matter jurisdiction over any Title VII claim asserted against Rexnord.

Subsequent to defendant's motion, plaintiffs represented to the court by way of memorandum in opposition to the present motion, that the procedural jurisdictional requirements for Title VII purposes with respect to Rexnord had been accomplished and a right to sue letter had been issued plaintiffs by the EEOC. On July 12, 1978 plaintiffs filed an amended complaint naming Rexnord as party defendant and alleging the procedural jurisdictional prerequisites. The motion with respect to Rexnord, therefore, appears to be moot and will not be considered at this time.[3]

Defendant urges the necessity of the Union's joinder based on the fact that Marmon and the Union entered into a collective bargaining agreement which contains (or had previously contained), provisions which restricted individuals' promotion opportunities based solely on qualifications, which provided disincentives for bargaining unit employees to accept promotions to foreman and others supervisory positions[4] and which places seniority as the paramount factor in consideration for promotions.[5] (Exhs. 6, 8,

---

**3.** This of course does not preclude an attack on the sufficiency of the charge or any other jurisdictional prerequisite to the action. If other defects are urged, appropriate motions may be filed. If such is the case it may be necessary to determine whether or not any shown defects are curable by virtue of principles of successor liability under Title VII. See e. g. *Slack v. Havens,* 522 F.2d 1091 (9th Cir. 1975).

**4.** The clause of the agreement referred to in this footnote was section 6.7 of the agreement which provided that an employee promoted to a supervisory position would lose his or her right to return to the same or comparable position from which he or she was promoted after six months. Defendant argues that such a

clause has the effect of discouraging employees from seeking promotion. It would seem, however, that the provision on its face is neutral as to race and would have been as detrimental to whites as blacks. In any event that section is no longer in force, as it was abolished in 1977.

**5.** This section refers to section 6.10 of the agreement as it presently exists and deals with *seniority and its effect on promotion.* Again the section appears neutral on its face. Defendant argues that since discrimination has allowed for fewer blacks with seniority, the effect of this section serves to deny promotion based on race, and as such perpetuates discrimination.

9 of defendant's motion). Defendant argues that the Union by virtue of the collective bargaining agreement may be liable for a portion of any Title VII liability, and in any event, since plaintiffs request affirmative injunctive relief with respect to promotional criteria, the existing collective bargaining agreement may in some way be affected, a contingency requiring joinder of the Union. Defendant's position as to non-feasibility of joinder is identical to that urged with respect to Rexnord, e. g., that the Union was not named in the charge filed with the EEOC and as such the court lacks jurisdiction over the subject matter.

Federal Rules of Civil Procedure 19(a) provides in pertinent part,

(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined if (1) in his absence complete relief cannot be accorded among those already parties, . .

If the relief sought by plaintiffs is granted the affirmative injunction could effect implementation of the collective bargaining agreement. If such action is deemed appropriate, and the Union were not joined complete relief among the present parties *may* be impaired. As such, the Union is a party to be joined "if feasible". If the failure to name the Union in the charge is not fatal to the court's subject matter jurisdiction, joinder is feasible and inquiry as to whether or not to proceed in absence of the Union under Federal Rules of Civil Procedure 19(b) becomes unnecessary.

■ It has been generally held that a person not named in the charge lodged with the EEOC cannot be sued in a Title VII civil action based on the discriminatory activity alleged in the charge. The requirement is said to be jurisdictional in nature. *Mickel v. South Carolina State Employment Service,* 377 F.2d 239 (4th Cir. 1967). It has been held, however, that where a Union was joined as a party defendant under Rule 19(a) "because the decree entered by the court may affect, in some way, its collective

bargaining agreement", but in which the Union was not alleged to have violated Title VII, failure to name the Union in the EEOC charge did not entitle defendant to summary judgment on a jurisdictional basis. *Equal Emp. Op. Comm. v. MacMillan Bloedel Containers, Inc.,* 503 F.2d 1086 (6th Cir. 1974). It must be noted, that here, as in *MacMillan,* plaintiffs allege no substantive Title VII violation on the Union's part. As the court in *MacMillan* stated,

As stated in Part I of this opinion, the purpose of the charging requirement is to give notice to the party and bring it before the EEOC so as to effect an informal resolution of the charge. Were the EEOC seeking relief from the Union for an alleged Title VII violation, this case would be in an entirely different posture. However, where as here, the Union is not alleged to have violated Title VII, we are unable to agree with the Union that a failure to charge it precludes it from participating in the suit.

In many cases, requiring a discriminatee to name a nonviolating union in a charge would serve no purpose. For instance, where an employer denies all Title VII liability and refuses to resolve a charge, it would be a needless exercise to require the Union to be a party to the EEOC proceedings. . . .

We believe that the EEOC followed the proper course when it joined the Union under Rule 19(a), Fed.R.Civ.P. This provides the Union with a full opportunity to participate in the litigation and the formulation of proposed relief against MacMillan. As a practical matter, the Union need not play a role in the litigation until the court finds that MacMillan has violated Title VII. Such an opportunity will allow the Union to protect adequately the interests of its members, will provide the discriminatee with full and complete relief and will also insure that the suit is handled at one time and in one forum. This procedure is fully consistent with Title VII's emphasis on judicial expediency. *See* 42 U.S.C. § 2000e–5(f)(4) and (5). 503 F.2d p. 1095.

Although not addressing the precise issue here urged, two recent Supreme Court decisions support the result reached in *MacMillan*. *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976) stands for the proposition that although section 703(h) of Title VII [42 U.S.C. § 2000e–2(h)] exempts as violative of Title VII's injunction against discrimination application of different terms of employment pursuant to a bona fide seniority or merit system,[6] the exemption does not preclude relief in the form of retroactive seniority which will of necessity affect the operation of the seniority system pursuant to a collective bargaining agreement with the Union party to the same, where another defendant (there, the non-Union defendant, Bowman) has been found guilty of a post-Act violation of Title VII and the effect of that discrimination has been perpetuated by the bona fide seniority system.

*Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977), broadened *Bowman* by holding perpetuation of pre-Act as well as post-Act discrimination by a bona fide seniority provision in a collective bargaining agreement, was not violative of Title VII due to § 703(h). As such, the court vacated the injunction issued against the Union there involved, but ordered retention of the Union as a party defendant, despite its victory on the merits, so that full relief could be awarded the victims of the employer's (non-Union defendant) post-Act discrimination. In support of the Union's retention as a party defendant the court cited *MacMillan, supra.* 431 U.S. at 356, 97 S.Ct. at 1865, 52 L.Ed.2d at p. 428 n. 43.

Although not confronted with the failure to charge issue, both *Bowman* and *Teamsters,* allow parties not guilty of a substantive violation of Title VII to be coincidentally affected by the remedial provision

thereof. Indeed, *Teamsters* ordered retention of a Union as party defendant, when it had ruled in its favor on the merits.

█ Here, there is no allegation by plaintiff that the seniority system is not bona fide, or intended to discriminate, and Plaintiff alleges no wrongdoing on the Union's part.[7] As such, consistent with the above-cited authority, failure to name the Union in the EEOC charge is not fatal to the feasibility of its joinder. The Union will be joined as party defendant for purposes of effectuating a remedy should the now-named defendants be held liable for violation of Title VII. Defendant's motion to dismiss is denied.[8]

## MOTION TO CHANGE VENUE

Defendant also moves the court for a change of venue from the Columbia Division to the Florence Division. The motion is based on the general venue provisions 28 U.S.C. §§ 1393 and 1406.

Defendant's motion is unmeritorious. Section 2000e–5(f)(3) provides, in part referring to institution of a Title VII civil action,

> Such an action may be brought *in any judicial district in the State* in which the unlawful employment practice is alleged to have been committed, . . . (Emphasis added.)

█ The statute has been interpreted to be one of special venue, *Gilbert v. General Electric Company*, 347 F.Supp. 1058 (E.D. Va.1972), and the phrase "in the [S]tate . . . given full syntactical weight . . . provides for a forum in any *part* of the [S]tate." *Id.* at p. 1060. (Emphasis added.) Venue is properly laid. Defendant's motion is therefore denied.

In summary, it is the Order of this court that,

---

**6.** The different terms of employment are not the result of a bona fide seniority system where the differences are the result of an intention to discriminate.

**7.** Therefore, Marmon's contention that the Union may be liable for the substantive violation is erroneous.

**8.** The inconvenience to the Union should not be very great. It will not have to address the merits of the claim. Its only role will be in effectuation of the remedy should it be deemed appropriate.

(1) the Union be joined as party defendant,

(2) defendant's motion to dismiss is denied, and

(3) defendant's motion to change venue is denied.

AND IT IS SO ORDERED.