**Judith A. AITKIN, Plaintiff,**

v.

**HARCOURT BRACE JOVANOVICH, INC., Marilyn Schutz, John E. Roche and Michael Vescuso, Defendants.**

No. CIV–82–503.

United States District Court,
W. D. New York.

July 22, 1982.

988

Alban J. Reichert, Rochester, N. Y., Harold Bonacquist, Jr., New York City, for plaintiff; Traub, Bonacquist & Yellen, New York City, of counsel.

James P. McElheny, Rochester, N. Y., for defendants; Woods, Oviatt, Gilman, Sturman & Clarke, Rochester, N. Y., of counsel.

## MEMORANDUM DECISION AND ORDER

TELESCA, District Judge.

Defendant, Harcourt Brace Jovanovich, Inc., moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(3) for an Order dismissing the complaint in the above entitled action on the ground of improper venue. The plaintiff initiated this employment discrimination action on June 9, 1982, alleging various acts of sexual harassment committed by defendant and its employees which culminated in plaintiff's dismissal from her employment by the defendant in July, 1980. All of the wrongful acts alleged in plaintiff's complaint occurred in the Southern District of New York. Following her termination, the plaintiff moved to Rochester, New York and instituted her lawsuit in the Western District of New York. Defendant's motion papers allege that venue is improper in the Western District and the plaintiff's complaint should be dismissed.

Venue in Title VII actions is limited to the alternatives listed in 42 U.S.C. § 2000e–5(f). Plaintiff's complaint asserts venue pursuant to § 2000e–5(f)(3) which provides in pertinent part that:

"[A Title VII] action may be brought in *any judicial district in the State in which the unlawful employment practice is al-*leged to have been committed." (emphasis added)

Defendant claims that this section permits plaintiff to file her lawsuit only in the Southern District of New York, that is, the *judicial district* in which the alleged unlawful discrimination occurred. However, the several courts facing this precise issue have adopted the view that the statute means exactly what it says: Venue is not limited to the *judicial district* in which the alleged unlawful acts occurred, but is appropriate in any judicial district in the *state* in which the alleged unlawful acts occurred. In the leading case of *Gilbert v. General Electric*, 347 F.Supp. 1058 (E.D.Va.1972) the court held that the statutory language "in the state" is not merely "surplusage". Rather, the phrase "must be given its full syntactical weight in upholding plaintiff's claim that the section provides for a forum *in any part of the state*". *Id.* at 1060 (emphasis added). In accord see *Coker v. Marmon Group, Inc.*, 455 F.Supp. 398, 402 (D.S.C. 1978); *Thompson v. Board of Education of Romeo*, 71 F.R.D. 398, 412–413 (W.D.Mich. 1976); *Dubnick v. Firestone Tire and Rubber Co.*, 355 F.Supp. 138, 140 (E.D.N.Y. 1973).

Consequently, I find that venue is appropriate in any of the several judicial districts in New York State. Plaintiff's choice of the Western District of New York is perfectly logical since she now resides in the area. Defendant's motion to dismiss for lack of proper venue is therefore denied.

Plaintiff's affidavit in opposition to the motion to dismiss requests that this Court award plaintiff costs and attorney's fees in defending the motion. That request is denied.

SO ORDERED.