**Roy PRATHER, Plaintiff,**

v.

**RAYMOND CONSTRUCTION
COMPANY, INC., Defendant.**

**Civ. A. No. C83–219A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

July 27, 1983.

Norman J. Slawsky, Athens, Ga., for plaintiff.

John D. Sours, T. Bart Gary, Atlanta, Ga., for defendant.

## ORDER OF COURT

HORACE T. WARD, District Judge.

Plaintiff instituted this civil rights action pursuant to 42 U.S.C. § 2000e *et seq.* (hereinafter "Title VII") alleging race discrimination and seeking declaratory and injunctive relief, including reinstatement, back pay, and reimbursement of any lost benefits as a result of his termination from employment by the defendant. By Order of May 6, 1983, the court granted the plaintiff's motion to amend the complaint to state the correct name of the defendant (which name the defendant states is still incorrect). It appears that on or about May 10, 1983, the plaintiff then attempted to perfect service by first class mail and acknowledgement of service pursuant to the provisions of amended Fed.R.Civ.P. 4(c)(2)(C)(ii), however, the defendant has failed to return the

acknowledgement of service, and on May 31, 1983 defendant filed a motion to dismiss for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. Defendant also filed simultaneously therewith a motion to dismiss for improper venue, or in the alternative, a motion for change of venue. On June 14, 1983, plaintiff filed its response to defendant's motions and as a part of that response submitted a motion to allow service pursuant to amended Fed.R.Civ.P. 4(c)(2)(C)(ii), a brief in support thereof, and a proposed order. On June 15, 1983, the court granted plaintiff's motion for service pursuant to amended Fed.R.Civ.P. 4. Defendant has now moved for reconsideration and vacation of the court's Order of June 15, 1983. Thus, this matter is currently before the court on the defendant's motion for reconsideration and vacation of the court's June 15 order, defendant's motion to dismiss for lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process, and on defendant's motion to dismiss for improper venue, or in the alternative, motion for change of venue.

## A. MOTION FOR RECONSIDERATION AND VACATION OF COURT'S JUNE 15 ORDER

Defendant asks this court to reconsider and vacate its June 15 order which granted plaintiff's motion for service of process pursuant to amended Fed.R.Civ.P. 4, in order to permit the defendant to respond to the plaintiff's motion, and to have this response considered by the court before deciding the motion. Defendant argues that it was not given an opportunity to respond to the plaintiff's motion pursuant to Rule 91.2 of the Local Rules of this court prior to the issuance of the court's June 15 order.

For good cause shown, the court will grant defendant's motion for reconsideration to the extent that the court will consider defendant's response along with its motion to dismiss for insufficiency of process, in ruling on that motion. However, the court will not vacate its June 15 order unless the court reaches a contrary result than

that reached in its order of June 15, when the court considers defendant's motion to dismiss for insufficiency of process.

## B. MOTION TO DISMISS FOR INSUFFICIENCY OF PROCESS

Defendant contends that this action should be dismissed because plaintiff lacks personal jurisdiction over the defendant due to plaintiff's having failed to effect proper service of process upon the defendant. Defendant argues that proper service of process upon the defendant can only be made by personally serving an officer, a managing or general agent, or any other agent authorized to accept service of process pursuant to Fed.R.Civ.P. 4, before the amendments became effective on February 26, 1983.

Defendant further argues that Rule 4, as amended, is not retroactive, and it directs the court to the legislative history to the new amendment to Rule 4 which states:

The delayed effective date means that service of process issued before the effective date will be made in accordance with current Rule 4. Accordingly, all process in the hands of the marshal's service prior to the effective date will be served by the marshal's service under the present Rule.

Notes of Advisory Committee on Rules following Rule 4, 1983 Supplement to Title 28 U.S.C.A., Federal Rules of Civil Procedure, Rules 1 through 11, Section 4, at 75. Based on these notes, defendant contends that this action was filed, process was issued and in the hands of the Marshal's service, and personal service was first attempted prior to the effective date of the amendment to Rule 4. Therefore, according to the clear intent of Congress, personal service as provided under the former Rule 4 must be made upon the defendant before this court has jurisdiction over the defendant.

Plaintiff opposes the defendant's motion and argues that service is proper pursuant to the new amended Rule 4(c)(2)(C)(ii) which allows service by first class mail and acknowledgement of service.

The court agrees with the plaintiff. It is undisputed that this action was filed on February 7, 1983, process was issued on or

about February 10, 1983, and the United States Marshal personally served an individual named William H. Raymond, III with a copy of the Summons and Complaint at 1428 Concord Boulevard, Columbus, Georgia, on February 25, 1983. All of these events occurred prior to the effective date of the amendment to Rule 4, which was February 26, 1983. However, plaintiff was notified in April of 1983, that it had personally served the wrong defendant, and on May 6, 1983 the court granted plaintiff's motion to amend his complaint to reflect the correct defendant. On or about May 10, 1983, plaintiff attempted to perfect service pursuant to amended Fed.R.Civ.P. 4(c)(2)(C)(ii), however defendant refused to return the acknowledgement of services and instead, filed this motion.

While process was issued and was initially in the hands of the United States Marshal prior to February 26, 1983, the Marshal effected service on February 25, 1983. It is immaterial that such service was upon the wrong defendant. Once the United States Marshal effected service upon William Raymond, III and returned the United States Marshal's Service Form to the Clerk of Court on March 4, 1983, process was no longer in the hands of the Marshal. Furthermore, since plaintiff was not notified of the error until after February 26 and then plaintiff diligently amended his complaint on May 6, 1983, process could not have come into the hands of the Marshal until May 6, or thereafter, which is subsequent to the effective date of the amendment. To stretch the legislative history to encompass the circumstances of this case is contrary to the clear intent of Congress and the court declines to accept defendant's argument on this issue.

For the foregoing reasons, the court concludes that service may be perfected in this action pursuant to amended Rule 4(c)(2)(C)(ii). Accordingly, plaintiff is hereby ORDERED within fifteen (15) days of receipt of this Order to amend his complaint to reflect the *proper* defendant, Raymond Construction, Inc., and to perfect service over defendant by again sending the Summons and Complaint, along with an ac-

knowledgement of service to the defendant's registered agent for service by first class mail.

Based on the foregoing, it is further ORDERED that defendant's motion to vacate the court's Order of June 15, 1983 is hereby DENIED.

## C. MOTION TO DISMISS BASED ON LACHES

In defendant's initial brief in support of its motions to dismiss, defendant raised the issue of laches and plaintiff's lack of due diligence in perfecting service upon the defendant as a ground upon which the court should dismiss this action.

The court declines to dismiss the action on this basis because where a cause of action is created by federal law, such as a Title VII action, under the Federal Rules of Civil Procedure—Rule 3—a cause of action commences, so as to toll the statute of limitations, upon the filing of a complaint, without further requirement that the plaintiff assure speedy service of process. *Caldwell v. Martin Marietta Corp.*, 632 F.2d 1184 (5th Cir.1980).

In defendant's reply brief to its motion to dismiss, defendant also argues that plaintiff is guilty of laches by failing to perfect service of process upon the defendant within a reasonable time after the filing of the complaint. In support of this argument, the defendant directs the court's attention to Fed.R.Civ.P. 4(j), as amended, which provides:

> If a service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Thus, defendant contends that the 120 day period after the February 10, 1983[1] filing date expired on June 10, 1983, and service of process still has not been perfected on the defendant; therefore, this action should be dismissed.

This argument is also without merit. While it is true that plaintiff has not perfected service upon defendant, plaintiff had good cause for not perfecting service. Defendant concedes that on or about May 10, 1983 it received the summons and complaint and acknowledgement of service, however, defendant has in effect evaded service by failing to return the acknowledgement of service. Therefore, defendant cannot be heard to complain that service was not perfected and this action will not be dismissed on this ground. *See* Notes of Advisory Committee on Rules following Rule 4, 1983 Supplement to Title 28, U.S.C.A., Federal Rules of Civil Procedure, Rules 1 through 11, fn. 24, at 76.

## D. MOTION TO DISMISS FOR IMPROPER VENUE

Defendant contends that this action should be dismissed because venue in this court is improper due to the fact that: 1) the alleged unlawful conduct occurred or took place in Columbus, Muscogee County, Georgia, which is in the Columbus Division of the United States District Court for the Middle District of Georgia; 2) neither of the parties to this action are residents of Atlanta, Georgia, or of any other county encompassed by the United States District Court for the Northern District of Georgia; and 3) there is no connection between this court and the actions and activities which are the subject matter of this lawsuit.

It is well recognized that Title VII has its own special venue provision. 42 U.S.C. § 2000e–5(f)(3) provides:

Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

Based on this section defendant asserts that this action could only be brought in the United States District Court for the Middle District of Georgia or in the United States District Court for the Western District of Kentucky.

Plaintiff contends that pursuant to 42 U.S.C. § 2000e–5(f)(3), venue is proper in any judicial district in the State, and plaintiff probably would concede that pursuant to this statute venue would also be proper in the United States District Court for the Western District of Kentucky.

The confusion regarding this section arises from the phrase "... may be brought in any judicial district in the state in which the unlawful employment practice is alleged to have been committed." Defendant attempts to argue that although the statute states "... in any judicial district in the state," this phrase, when properly read, limits venue to the judicial district in which the alleged unlawful act occurred—in this case, the United States District Court for the Middle District of Georgia.

The court recognizes that this question may not have been addressed yet by either the Northern District of Georgia or the Eleventh Circuit, as the court, along with

---

**1.** While defendant contends that the complaint was filed on February 10, 1983, the complaint in the court's file indicates that the complaint was filed on February 7, 1983.

the parties, has not found any case law to this effect. However, the plaintiff has directed the court's attention to *Gilbert v. General Electric Co.*, 347 F.Supp. 1058 (E.D. Va.1972), which is one of the earlier and possibly the leading case on this issue. In that case, the Court stated:

> If the phrase "in the state" is omitted, the section clearly means that actions shall be brought in the particular district which is the situs of the act complained of. Addition of the phrase "in ⌐the state" can result in an interpretation that the action must be brought either (1) anywhere in the appropriate state, or, (2) as if the phrase were omitted, only in the particular judicial district. The latter interpretation treats the phrase "in the state" as surplusage without syntactical effect. General venue considerations would, without more, cause the Court to adopt the latter interpretation and to attribute the equivocal wording to poor draftsmanship. However, as heretofore noted, this is not a general venue statute and usual venue considerations do not apply. See *SEC v. Wimer*, 75 F.Supp. 955, 963 (W.D.Pa.1948). Moreover, legislative history shows that the phrase "in the state" was added by the Senate to the original House version which omitted it, 110 Cong.Rec. 2511, col. 3; 110 Cong.Rec. 12814, and said addition was reflected in the remarks of Senator Humphrey during floor debate, 110 Cong.Rec. 12723, col. 3. It is apparent, therefore, that the phrase was purposely added and not merely a product of poor draftsmanship. Accordingly, the Court concludes that the phrase must be given full syntactical weight in upholding plaintiffs' contention that the section provides for a forum in any part of the state.

*Id.* at 1060. The Court in *Aitkin v. Harcourt Brace Jovanovich*, 543 F.Supp. 987 (W.D.N.Y.1982) also addressed this question, stating:

> However, several courts facing this precise issue have adopted the view that the statute means exactly what it says: venue is not limited to the judicial district in which the alleged unlawful acts occurred, but is appropriate in any judicial district in the *state* in which the alleged unlawful acts occurred.

*Id.* at 988.

This court is in agreement with other courts around the country[2] that the statute means that venue is not limited to the judicial district in which the alleged unlawful acts occurred, but is proper in any judicial district in the State where the alleged unlawful acts occurred. For the foregoing reasons, the court concludes that venue in the case *sub judice* is proper in any judicial district in the State of Georgia since the unlawful act is alleged to have occurred in this state. Furthermore, based on the statute, venue is also proper in the Western District of Kentucky. Accordingly, defendant's motion to dismiss for improper venue is DENIED.

## E. MOTION FOR CHANGE OF VENUE

In the alternative, defendant has moved for a change of venue pursuant to 28 U.S.C. § 1404(a),[3] asking that this action be transferred to the United States District Court for the Middle District of Georgia, for the convenience of the parties and witnesses, and in the interest of justice.

In support of its motion for change of venue, defendant argues that: 1) plaintiff is a resident of Columbus, Georgia, which is in the Middle District of Georgia; 2) defendant maintains its only office in the State of Georgia in Columbus, Georgia; 3) defendant's job superintendent and others who may be witnesses for defendant reside

---

2. *See Aitkin v. Harcourt Brace Jovanovich, supra; Coker v. Marmon Group, Inc.*, 455 F.Supp. 398 (D.S.C.1978); *Thompson v. Board of Education of Romeo*, 71 F.R.D. 398 (W.D.Mich. 1976); *Dubnick v. Firestone Tire and Rubber Co.*, 355 F.Supp. 138 (E.D.N.Y.1973); *Gilbert v. General Electric Co., supra.*

3. 28 U.S.C. § 1404(a) provides:

 For the convenience of the parties and witnesses, in the interest of justice, a District Court may transfer any civil action to any other District in which it might have been brought.

284

in or about Columbus, Georgia; 4) the alleged unlawful act occurred in Georgia; and 5) there is no nexus between the alleged wrongful conduct and the Northern District of Georgia. Defendant further argues that 28 U.S.C. § 1404(a) is applicable to actions brought under Title VII, citing *EEOC v. Parish Water Works Company,* 415 F.Supp. 124 (E.D.La.1976).

Plaintiff concedes that the transfer provisions of 28 U.S.C. § 1404(a) apply to Title VII actions, however, plaintiff argues that defendant has failed to carry its burden of proving that the parties and witnesses would be inconvenienced if the action continues in the Northern District of Georgia.

▆ 28 U.S.C. § 1404(a) places the decision of whether a motion for change of venue should be granted within the sound discretion of the court. *Bearden v. United States,* 320 F.2d 99, 101 (5th Cir.), *cert. denied,* 376 U.S. 922, 84 S.Ct. 679, 11 L.Ed.2d 616 (1963); *A.C. Samford, Inc. v. United States,* 226 F.Supp. 72, 78 (S.D.Ga. 1963). Furthermore, "the movant has the burden of making a strong case for transfer and if the transfer would merely shift inconvenience from one party to the other, or if the balance of all factors is but slightly in favor of the movant, plaintiff's choice of forum should not be disturbed and transfer should be denied." *Grey v. Continental Marketing Associates, Inc.,* 315 F.Supp. 826, 831 (N.D.Ga.1970).

▆ In deciding whether a transfer should be granted, the criteria to be considered and given great weight are (1) plaintiff's choice of forum, if the one he chose is in the district in which he resides; (2) a showing that the witnesses who would be inconvenienced are key witnesses; and (3) the public interest. *Id.* *See also A.C. Samford, Inc., supra,* at 78. However, where the unlawful act complained of did not occur in the forum selected by the plaintiff and neither the plaintiff nor defendant is a resident of that forum, plaintiff's original selection of the forum is only entitled to minimal weight in deciding a motion for transfer for convenience and in the interest of justice. *See Leinberger v.*

*Webster,* 66 F.R.D. 28 (E.D.N.Y.1975); *Kellner v. Saye,* 306 F.Supp. 1041 (D.Neb. 1969); *Ross v. Tioga General Hospital,* 293 F.Supp. 209 (S.D.N.Y.1968). Moreover, where the forum selected by the plaintiff is not connected with the parties or the subject matter of the lawsuit, it is generally less difficult than otherwise for the defendant, seeking a change of venue, "to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor." *Burroughs Wellcome Co. v. Giant Food, Inc.,* 392 F.Supp. 761, 763 (D.Del.1975).

▆ After a careful review of the record and consideration of the relevant factors, the court concludes that the defendant has sustained its burden of demonstrating that a change of venue of this action to the Middle District of Georgia is in the interest of justice. First, it is undisputed that neither the plaintiff nor the defendant resides in the Northern District of Georgia, and the cause of action did not arise in this district. Second, it appears that any witnesses who may be called to testify reside either in the Middle District of Georgia or in Kentucky. It is obvious that this forum has no connection whatsoever with the subject matter of the lawsuit or the parties, with the exception of the parties' attorneys, and the fact that counsel may be inconvenienced is irrelevant to whether the motion for transfer should be granted. Moreover, the court finds that plaintiff's choice of forum is outweighed by the public interest in assuring that "localized controversies are decided at home." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Haase v. Mallenkrodt, Inc.,* 415 F.Supp. 889, 890 (S.D.N.Y.1976).

Therefore, in the interests of justice and for the convenience of the parties and witnesses, this case shall be transferred to the Middle District of Georgia, Columbus Division. Accordingly, defendant's motion for change of venue is hereby GRANTED.

## CONCLUSION

It is hereby ORDERED that: (1) the defendant's motion for reconsideration is

GRANTED, to the extent provided herein; (2) defendant's motion to vacate the court's Order of June 15, 1983 is DENIED; (3) defendant's motion to dismiss for lack of personal jurisdiction, insufficiency of process and insufficiency of service of process is DENIED; (4) defendant's motion to dismiss on the ground of laches is DENIED; (5) defendant's motion to dismiss for improper venue is DENIED; and (6) defendant's motion for change of venue is GRANTED.

It is further ORDERED that within fifteen (15) days of receipt of this Order the plaintiff is to amend his complaint to reflect the proper defendant, Raymond Construction, Inc., and then to again serve the defendant with the summons and complaint and the acknowledgement of service. Once the acknowledgement of service form is returned to the plaintiff, and the defendant has filed an answer to the complaint in this action, the clerk is DIRECTED to transfer this action to the Middle District of Georgia, Columbus Division.