**Kirankumar D. PATEL and Shiriji, Inc., Plaintiffs,**

v.

**HOWARD JOHNSON FRANCHISE SYSTEMS, INC., et al., Defendants.**

**Civil Action No. 96–D–336–N.**

United States District Court, M.D. Alabama, Northern Division.

April 30, 1996.

D. Mitchell Henry, Rushton, Stakely, Johnston & Garrett, Montgomery, AL, for plaintiffs.

Donald R. Jones, Jr., Robin Garrett Laurie, Cynthia H. Torbert, Balch & Bingham, Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is the motion of defendants Howard Johnson International, Inc., and HFS Inc., filed March 20, 1996, to dismiss or, in the alternative, to transfer the above-styled action. The plaintiffs filed a response in opposition to said motion on April 11, 1996. On April 22, 1996, the defendants filed a reply, to which the plaintiffs responded on April 29, 1996. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court finds that this action is due to be transferred to the United States District Court for the Eastern District of Tennessee, Northeastern Division.

### STATEMENT OF FACTS

Plaintiffs Kirankumar D. Patel and Shriji, Inc., brought this action for breach of contract and fraud against defendants on February 26, 1996. Mr. Patel resides in the extreme northeastern portion of Tennessee, which is within the Eastern District of Tennessee, Northeastern Division. Richard Saltzman's Aff. at ¶ 8. Shriji is a Tennessee corporation with its principal place of business in Tennessee. *Id.* The instant case involves a motel facility located in the extreme northeastern portion of Tennessee. *Id.* at ¶ 10.

The contract at issue was entered into in New Jersey between Mr. Patel, a Tennessee resident, and Howard Johnson, a Delaware corporation with its principal place of business in New Jersey. *Id.* at ¶ 7. The contract is governed by Massachusetts law. *See* Agreement at ¶ 25. Negotiations concerning this contract occurred in both Tennessee and New Jersey. *Id.* at ¶ 11. None of the parties to these negotiations has ever been a resident of Alabama, and none of the potential employee/witnesses for the defendants resides in Alabama. *Id.* at ¶ 12. Furthermore, none of the potential non-party witnesses for the defendants, *i.e.* persons who were guests at the subject guest lodging facility, resides in Alabama or are within the subpoena power of this court. *Id.* at ¶ 13. The plaintiffs intend to call several witnesses from Alabama who are similarly situated to

the plaintiffs in order to establish a pattern or practice of misrepresentations made by the defendants.

The defendants contend that this action should be dismissed for lack of venue pursuant to Rule 12(b)(3) of the *Federal Rules of Civil Procedure.* In the alternative, the defendants argue that the case should either be dismissed under the doctrine of *forum non conveniens* or should be transferred pursuant to 28 U.S.C. § 1404(a) because venue would be far more convenient in either the District of New Jersey or the Eastern District of Tennessee, Northeastern Division. The plaintiffs oppose the defendants' motions, but request that, if the court decides to transfer this action, it be transferred to the Eastern District of Tennessee because it is the more convenient of the two forums suggested by the defendants. Because the defendants' transfer motion is dispositive of this matter, the court finds it unnecessary to address their motions to dismiss this action for lack of venue or *forum non conveniens.*

## DISCUSSION

■ 28 U.S.C. § 1404(a) allows a district court to transfer any civil action to a district where it could have originally been filed to promote the convenience of the parties and witnesses and the interests of justice. "28 U.S.C. § 1404(a) places the decision of whether a motion for a change of venue should be granted within the sound discretion of the court." *Prather v. Raymond Constr. Co.,* 570 F.Supp. 278, 284 (N.D.Ga. 1983); *see also Ross v. Buckeye Cellulose Corp.* 980 F.2d 648, 654 (11th Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 69, 130 L.Ed.2d 24 (1994).

■ Under normal circumstances, federal courts will accord great deference to the plaintiff's choice of forum if the forum is in the district in which he or she resides. *In re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir. 1989). The court faced with a motion to transfer must engage in "an individualized case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v.*

*Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)). A district court may properly transfer a case to "the forum in which judicial resources could most efficiently be utilized and the place in which the trial would be most 'easy, expeditious and inexpensive.'" *Howell v. Tanner,* 650 F.2d 610, 616 (5th Cir.1981) (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)), *cert. denied,* 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982).[1] More importantly to this case:

> where the forum selected by the plaintiff is not connected with the parties or the subject matter of the lawsuit, it is generally less difficult than otherwise for the defendant, seeking a change of venue, "to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor."

*Prather v. Raymond Constr. Co.,* 570 F.Supp. 278, 284 (N.D.Ga.1983) (quoting *Burroughs Wellcome Co. v. Giant Food, Inc.* 392 F.Supp. 761, 763 (D.Del.1975)).

■ It is clear that neither the plaintiffs nor the defendants reside in the state of Alabama. Furthermore, the subject matter of the lawsuit has no connection with the state of Alabama because the contract which involves a motel in Tennessee, was negotiated in Tennessee and New Jersey and signed in New Jersey. Consequently, the court will afford little deference to the plaintiffs' choice of forum and place less of a burden of persuasion on the defendants to convince the court that this action should be transferred.

The defendants contend that the Eastern District of Tennessee would be a more convenient forum because the plaintiffs reside in that district and because the motel which is the subject of the underlying contract dispute is located there. The defendants note that the location of the motel is important because they plan to assert a counterclaim against Mr. Patel once the case reaches the pleading stage concerning the manner in

1. Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prich-* ard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

which the property is maintained. Such a counterclaim would probably require the judge and jury to travel from Montgomery to Bristol, Tennessee to view the property, which would be too unduly burdensome and expensive in terms of time and expenses. Saltzman's Aff. at ¶ 16.

Furthermore, the defendants maintain that, if this case were tried in Alabama, their expected witnesses would suffer hardship from the extended time away from their work, home, and families. In this regard, they note that, although New Jersey would be the most convenient forum for their employee/witnesses, Tennessee would be far more convenient to the defendants than Alabama because of its closer proximity to New Jersey and because many of the facts relating to the cause of action arose there. *Id.* at ¶ 15. They also argue that the non-party witnesses who were guests at the motel could not be subpoenaed by an Alabama court because they reside outside the subpoena power of the court.

In contrast, the only reason the plaintiffs assert in favor of keeping this action here is that the plaintiffs plan to call witnesses from several southeastern states, including Alabama. The court finds this reason, standing alone, insufficient to warrant a denial of the defendants motion to transfer, particularly given that the plaintiffs have failed to specify the states in which their potential witnesses reside. In fact, it is likely that the Eastern District of Tennessee would probably be a more convenient forum for the plaintiff's potential witnesses if their witnesses reside in states such as North Carolina, South Carolina, Tennessee or northern Georgia.

In sum, this case has no connection to Alabama. The defendants are incorporated and have their principal places of business in other states. None of the defendants' expected witnesses resides or maintains offices in Alabama. None of the plaintiffs is an Alabama resident; rather, both are residents of Tennessee. The agreement was entered into in New Jersey, involves real property in Bristol, Tennessee, and contains a choice of law provision invoking Massachusetts law.

Based on the interests of convenience and fairness, the court finds that the Eastern District of Tennessee is the most appropriate forum for this action because the plaintiffs reside in that district and because the facts related to this action arose at the motel located there. In this regard, the court notes that the plaintiffs have indicated that the Eastern District of Tennessee would be the more convenient forum of the two suggested by the defendants, and the defendants have submitted that the Eastern District of Tennessee would be far more convenient that the Alabama forum. Thus, the court finds that the defendants' motion to transfer is due to be granted insofar as this action should be transferred to the United States District Court for the Eastern District of Tennessee, Northeastern Division.

## CONCLUSION

Accordingly, it is CONSIDERED and ORDERED that the defendants' motion to transfer be and the same is hereby GRANTED and that the above-styled action be and the same is hereby TRANSFERRED to the United States District Court for the Eastern District of Tennessee, Northeastern Division.

The Clerk of the Court is DIRECTED to take the necessary steps to effectuate said transfer.