**Adam L. PERKINS, Plaintiff,**

v.

**TOWN OF PRINCEVILLE and The Princeville Police Department, Defendants.**

**No. 1:04CV473.**

United States District Court, M.D. North Carolina.

Sept. 27, 2004.

---

**1.** Pl.'s Ex. 2 (United States' Responses to Plaintiff's First Request for Admissions ¶ 5).

**2.** *Id.* at ¶ 29.

**3.** *Id.* at ¶ 30.

Adam L. Perkins, Timberlake, NC, Pro se.

Melissa Robin Davis, Cranfill Sumner & Hartzog, Raleigh, NC, for Town of Princeville, Princeville Police Department, defendants.

## ORDER OF UNITED STATES MAGISTRATE JUDGE

DIXON, United States Magistrate Judge.

This matter is before the court on Defendants' motion to dismiss, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, for lack of proper venue under 28 U.S.C. § 1406(a) [docket no. 11]. Alternatively, Defendants move to transfer this case to the Eastern District of North Carolina pursuant to 28 U.S.C. §§ 1406(a) or 1404(a). Plaintiff has responded to the motion, and the matter is ripe for disposition. For the reasons discussed herein, I will grant Defendants' motion to transfer this case to the Eastern District of North Carolina.

*BACKGROUND*

This is an employment discrimination case in which Plaintiff is suing Defendants Town of Princeville and the Princeville Police Department for employment discrimination based on his religious beliefs. Plaintiff resides in Person County, which is located within this judicial district. Compl. ¶ 1. Defendants Town of Princeville

and the Princeville Police Department are in Edgecombe County, which is within the Eastern District of North Carolina. Plaintiff alleges claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., based on Defendants' failure to hire him for a position with the Princeville Police Department. In their motion to dismiss or transfer for improper venue, Defendants contend that venue in this court is not proper under either the general venue provision, 28 U.S.C. § 1391(b), or under Title VII's venue provision, 42 U.S.C. § 2000e–5(f)(3). This court finds that the applicable venue provision is 42 U.S.C. § 2000–5(f)(3) and that under the language of section 2000–5(f)(3), venue is proper in this court. The court further finds, however, that, in the interest of justice this case should be transferred to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404(a).

## STANDARD OF REVIEW AND DISCUSSION

When an objection to venue has been raised under Rule 12(b)(3), the burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action. *Plant Genetic Sys. v. Ciba Seeds*, 933 F.Supp. 519, 526 (M.D.N.C.1996). Under 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In cases where jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391(b) governs venue

questions "except as otherwise provided by law."[1] 28 U.S.C. § 1391(b). Here, Plaintiff brings a claim arising under Title VII, which contains its own venue provision. *See* 42 U.S.C. § 2000e–16(d) ("The provisions of section 2000e–5(f) through (k) of this title, as applicable, shall govern civil actions brought hereunder."). Thus, the venue provision in Title VII, rather than the general venue provision of 28 U.S.C. § 1391(b), governs the venue determination in this case. *See Harding v. Williams Property Co.*, 163 F.3d 598, 1998 WL 637414, at *2 n. 5 (4th Cir.1998) (unpublished) ("Venue of a Title VII action is therefore 'circumscribed by the very statute that gives ... the right to sue in the first place.' This specific circumscription overrides the general venue statute at 28 U.S.C. § 1391.") (citation omitted); *Stebbins v. Nationwide Mut. Ins. Co.*, 469 F.2d 268, 270 (4th Cir.1972).

The venue provision of Title VII, 42 U.S.C. § 2000e–5(f)(3), provides in pertinent part that a Title VII action may be brought

*in any judicial district in the State in which the unlawful employment practice is alleged to have been committed,* in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice ....

42 U.S.C. § 2000e–5(f)(3) (emphasis added). Under the plain language of the phrase "in any judicial district in the State

---

1. 28 U.S.C. § 1391(b) states:
   A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial

   district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

in which the unlawful employment practice is alleged to have been committed," venue for Title VII actions "is not limited to the judicial district in which the alleged unlawful acts occurred, but is appropriate in *any* judicial district in the state in which the alleged unlawful acts occurred." *Aitkin v. Harcourt Brace Jovanovich, Inc.*, 543 F.Supp. 987, 988 (W.D.N.Y.1982) (emphasis added); *see also EEOC v. Parish Water Work's Co.*, 415 F.Supp. 124, 125 (E.D.La.1976) (stating that "[t]he broad venue provisions set forth in 42 U.S.C. § 2000e–5(f)(3) give the plaintiff the initial opportunity to engage in forum-shopping within the state in which the alleged wrongful act occurred"). In other words, in a Title VII action brought in North Carolina, a plaintiff may bring the action in any of the three federal judicial districts within this state as long as the alleged employment discrimination occurred in North Carolina. *See General Elec. Co v. Merhige*, No. 72–3327, 1972 WL 2601, at *1 (4th Cir. Nov. 20, 1972) (unpublished) (describing the district court's finding that § 2000e–5(f)(3) provides for a forum in *any* district of the state in which the discrimination occurred as a "well-reasoned opinion" which "accords with what would appear clearly to have been the Congressional purpose") (emphasis added) (citing *Gilbert v. General Elec. Co.*, 347 F.Supp. 1058, 1060 (E.D.Va.1972)). *Accord EEOC v. Mustang Mobile Homes, Inc.*, 88 F.Supp.2d 722, 724 (W.D.Tex.1999); *Garus v. Rose Acre Farms, Inc.*, 839 F.Supp. 563, 566 (N.D.Ind.1993). Here, because this district is a judicial district in the state in which the alleged employment discrimination occurred, venue is proper in this district under § 2000e–5(f)(3).[2] Consequently, this case may not be dismissed or transferred pursuant to 28 U.S.C. § 1406(a).

This court further finds, however, that discretionary transfer to the Eastern District may be appropriate under 28 U.S.C. § 1404(a), which states that for the convenience of parties and witnesses, in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought. When considering a motion to transfer under 28 U.S.C. § 1404(a), the following discretionary factors should be considered: (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws. *Brown v. Flowers*, 297 F.Supp.2d 846, 850 (M.D.N.C.2003);

---

**2.** In arguing that venue is not proper in this district, Defendants assert that the "venue provisions of Title VII allow an action to be brought *where the unlawful employment practice is alleged to have occurred*, where the employment records relevant to the unlawful employment practice are kept, where the complainant would have worked but for the discriminatory practice, or, if all else fails where the defendant has its principal office."

*See* Defs.' Mem. Supp. Mot. Dismiss for Improper Venue or to Transfer, at 4. This statement does not accurately track the precise language of section 2000e–5(f)(3), as the section clearly allows for a suit in a district where the unlawful employment practice *is not alleged to have occurred* as long as the district is within the state where the unlawful employment practice is alleged to have occurred.

*accord Plant Genetic Sys.*, 933 F.Supp. at 527.

■ I first note that this action might have been brought in the Eastern District of North Carolina under Title VII's venue provision because (1) all of the alleged employment practices at issue in this case occurred in the Eastern District of North Carolina, (2) Plaintiff's employment records are maintained and administered in the Eastern District of North Carolina, and (3) Plaintiff would have worked in the Eastern District of North Carolina but for Defendants' alleged unlawful employment practices. I have considered the above-listed discretionary factors, however, and conclude that the factors weigh in favor of transferring this case to the Eastern District of North Carolina. First, although Plaintiff's initial choice of forum must be given significant weight, Plaintiff has stated to the court in his brief in response to the motion to dismiss or for transfer that he does not oppose transfer of venue to the Eastern District of North Carolina.[3] Furthermore, Defendants Town of Princeville and the Princeville Police Department are located in the Eastern District of North Carolina, all of the alleged discriminatory conduct occurred in the Eastern District of North Carolina, and most of the witnesses are located in the Eastern District of North Carolina. The only connection this district has with Plaintiff's Title VII action is the fact that Plaintiff resides here. This court finds, therefore, that for the convenience of the parties and the witnesses and in the interest of justice this case should be transferred to the Eastern District of North Carolina. *Accord Prather v. Raymond Constr. Co.*, 570 F.Supp. 278, 282–85 (N.D.Ga.1983) (in a Title VII case, where the court held that although venue was proper in either the Northern District of

Georgia or the Middle District of Georgia under 42 U.S.C. § 2000e–5(f)(3), the case should be transferred to the Middle District for the convenience of the parties and the witnesses and in the interest of justice).

## CONCLUSION

For the reasons stated above, it is **ORDERED** that this civil action shall be transferred to the Eastern District of North Carolina.

---

**3.** Indeed, in his brief he appears to join Defendants in their motion to transfer venue to the Eastern District of North Carolina. *See*

Pl.'s Mem. in Response to Def.'s Mot. to Dismiss or Transfer, at 1.