**Stephen E. GARDIPEE, Plaintiff,**

v.

**PETROLEUM HELICOPTERS, INC., Defendant.**

No. CIV.A.1:98–CV–1936.

United States District Court,
E.D. Texas,
Beaumont Division.

May 24, 1999.

Michael E. Jackson, Melvin S. Schwarzwald, Cleveland, OH, James L. Hicks, Dallas, for plaintiff.

Homer L. Deakins, Atlanta, GA, G. Mark Jodon, Houston, Peter H. Keifer, Washington, DC, for defendant.

## MEMORANDUM OPINION & ORDER

JOE J. FISHER, District Judge.

Before the Court is Defendant Petroleum Helicopter, Inc.'s Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). Defendant moves that this action be transferred to the United States District Court for the Western District of Louisiana, LaFayette/Opelousas Division. For the reasons set forth below, the Court finds the Motion should be DENIED.

### I. BACKGROUND

This is an action brought under the Railway Labor Act, 45 U.S.C. § 151 et. seq. ("RLA"). The gravaman of Plaintiff Stephen Gardipee's claim is that he was wrongfully discharged by Defendant Petroleum Helicopters, Inc. ("PHI") from his position as a commercial helicopter pilot. Specifically, Plaintiff alleges he was discharged by Defendant for his active participation in an organizing campaign among various classes of Defendant's helicopter pilots, in violation of Section 2 Third and Section 2 Fourth of the RLA. This organizing campaign was conducted for the purpose of electing the Office of Professional Employees International Union, AFL–CIO. CLE ("OPEIU") as the union representative of said pilots.

On January 15, 1999, Defendant moved this Court to transfer the case to the Western District of Louisiana, LaFayette/Opelousas Division. Defendant's Motion to Transfer Venue is based on the

following allegations: (1) the sole connection this lawsuit has with the Eastern District of Texas, Beaumont Division, is that PHI maintains a base at Sabine Pass, Texas, a location within said district and division; (2) Plaintiff does not reside in the Eastern District of Texas; (3) none of Plaintiff's counsel maintain an office within the Eastern District; and lastly (4) the main issues raised by Plaintiff also occurred outside of the Eastern District of Texas, with key witnesses, records, and other evidence located primarily in the Western District of Louisiana, LaFayette/Opelousas Division, which is also the primary location of the wrongs alleged in the complaint. *SEE DEFENDANT'S MOTION TO TRANSFER VENUE P.2.*

## II. LAW

■ Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other *district* or division where it might have been brought." 28 U.S.C. § 1404(a). Whether to transfer a case pursuant to § 1404(a) is a matter uniquely within the trial court's sound discretion. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir.1988).

■ It is well settled that the movant bears the burden of demonstrating that a transfer of venue is warranted. *Gundle Lining Construction Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1165 (S.D.Tex.1994). To prevail, the movant must demonstrate that the balance of convenience and justice substantially weighs in favor of the transfer.[1] *Id.* Therefore, when assessing the merits of a § 1404(a) motion, a court must determine if a trans-

fer would make it substantially more convenient for the parties to litigate the case. *Id.*

■ The Fifth Circuit has directed that, in passing on a motion to transfer venue, the trial court must consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir.1989), *quoting*, 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3847, at 370 (2d ed.1986). The "relevant factors" to be taken into consideration in making this assessment include: (1) the availability and convenience of witnesses and parties; (2) the location of sources of proof; (3) the place of the alleged wrong; (4) the community's nexus to the alleged wrong; (5) the cost of obtaining the attendance of witnesses; (6) the possibility of delay or prejudice if transfer is granted; (7) the plaintiff's choice of forum; and (8) the location of counsel. *Welch v. TRW, Inc.*, 1998 WL 574891, 1998 U.S. Dist. LEXIS 13796, *3–4 (N.D.Tex. August 26, 1998); *Dupre*, at 825.

## III. APPLICATION OF LAW TO FACTS

The Court, having assured itself that venue is proper in the Eastern District of Texas, Beaumont Division, examines in turn each of these factors in the context of the present case.[2]

### A. Availability and Convenience of Witnesses and Parties

■ Typically, the convenience of the witnesses and parties is the most important factor in determining whether a case

---

1. As to the burden of a movant under § 1404(a), the Court observes:

 It is not enough without more that the defendant would prefer another forum, nor is it enough merely to show that the claim arose elsewhere. Nor will transfer be ordered if the result is merely to shift inconvenience from one party to the other.

 15 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE AND PROCEDURE

§ 3848, at 383–86. *See also Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 826 (S.D.Tex.1993).

2. The provisions of 28 U.S.C. § 1391(b) and (c) govern venue over this cause. Defendant does not allege venue is improper in the Eastern District of Texas, Beaumont Division. *SEE DEF.'S MOTION TO TRANSFER VENUE P.5.*

should be transferred pursuant to § 1404(a). *See Dupre,* 810 F.Supp. at 825.

### (1) Convenience of Witnesses

 As a threshold matter, the Court must primarily consider the convenience of the key witnesses, as "the convenience of one key witness may outweigh the convenience of numerous less important witnesses." *See Continental Airlines v. American Airlines,* 805 F.Supp. 1392, 1396 (S.D.Tex.1992). Accordingly, the party seeking the transfer must specifically identify the key witnesses and outline the substance of their testimony.[3] *Dupre,* 810 F.Supp. at 825; *Continental Airlines,* F.Supp. at 1396.

 Where, as here, the key witnesses of the party seeking transfer are employees of that party, their convenience is entitled to less weight because that party will be able to compel their testimony at trial. *Continental Airlines,* 805 F.Supp. at 1397. The court in *Continental Airlines* held, "[t]his is especially true where, . . . the key witnesses are the employees of a party that is a transportation company and is therefore easily able to bring those witnesses to the forum." *Id.; See also* 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3851, at 423 & n. 8.

 The final consideration in analyzing the availability and convenience of the witnesses is whether the proposed transfer will merely operate to shift the inconvenience from the moving party to the non-moving party. *See Dupre,* 810 F.Supp. at 826; 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3848, at 385–86.

In the instant action, the Court observes all but four of the potential fact witnesses identified in Defendant's Rule CV–26 Initial Disclosure are employees of Defendant. *SEE PLAINTIFF'S SUR–REPLY TO DEFENDANT'S MOTION TO TRANSFER VENUE, EXHIBIT "A."* The four non-employee witnesses disclosed are testing administrators for Check Airmen, a company apparently retained by Defendants to administer FAA mandated pilot proficiency tests. *ID.*

As PHI is one of the world's largest commercial helicopter transport companies, the Court surmises Defendant will have little difficulty obtaining the attendance of these non-employee witnesses at a trial of this cause in Beaumont. *SEE PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TRANSFER P.1.* The Court further finds, as a transportation company, Defendant can arrange for the conveyance of all its witnesses, employee and non-employee alike, to Beaumont with limited inconvenience or expense.

By contrast, the three potential fact witnesses identified in Plaintiff's Rule CV–26 Initial Disclosure, excluding Plaintiff Stephen Gardipee and wife Cheryl, are current or former co-workers of Plaintiff.[4]

---

**3.** It appears to the Court that this rule, articulated in *Continental Airlines* and affirmed in *Dupre,* has been well heeded. The Local Rule CV–26 Initial Disclosures submitted by both parties identify "key" potential witnesses and relate the substance of their testimony. The Court is unable, however, at the present stage of discovery to identify any witness whose testimony is of such comparative import that the convenience of that witness(es) may be said to "outweigh the convenience of numerous less important witnesses."

Cognizant that motions to transfer venue should not turn solely upon the outcome of a contest between the parties as to which of them can disclose a longer list of possible witnesses located in the forum in which each party would prefer to try the case, this Court has drawn upon considerations cited by other district courts in passing on Defendant's Motion. *See* 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3851, at 424–25.

**4.** Plaintiff's Initial Disclosure identifies three potential non-party fact witnesses:

(1) Stephen Ragin—a former co-worker of Plaintiff at PHI. Mr. Ragin resides in Webster, Texas, a town determined by the Court to be approximately 92 miles from the Federal Courthouse in Beaumont. In comparison, the Court has determined that Webster, Texas is approximately 223 miles from

Unlike Defendant, the Court finds Plaintiff can neither compel the attendance of these non-party witnesses, nor provide transportation for said witnesses without substantial difficulty or expense if trial of this case is transferred to the Western District of Louisiana.

In sum, the Court finds a transfer to the United States District Court for the Western District of Louisiana, based on the convenience of witnesses, unwarranted. With respect to the convenience of witnesses, Defendant has failed to demonstrate that a transfer would make it substantially more convenient for the parties to litigate the case.[5] Moreover, the Court finds a transfer of the present action would merely operate to shift the inconvenience of obtaining attendance of witnesses from Defendant, the movant, to Plaintiff.

### (2) Convenience of the Parties

 Defendant argues Plaintiff, a resident of Belton, Texas, located in the Western District of Texas, Waco Division, will at most be "minimally inconvenienced" by a transfer of the case to the Western District of Louisiana. *SEE DEF.'S MOTION TO TRANSFER P.7.* As Plaintiff will, "in any event be required to travel a substantial distance from his residence to pursue his claims in the forum he himself selected," Defendant contends the additional distance Plaintiff would be required to travel in order attend trial in Lafayette, "is minimal." *ID.* For this reason, together with the relative convenience to be obtained by PHI via transfer, Defendant avers "this factor greatly weighs in favor of a transfer to the Western District of Louisiana." *ID. at 8.*

 The Court does not agree. At the outset, the residence of the parties, "is not a controlling factor if the convenience of witnesses and the interests of justice point strongly in a contrary direction." 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3849, at 398.

> *SEE DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE, EXHIBIT "B." ("DEFENDANT'S REPLY").*

LaFayette, Louisiana. Therefore, Mr. Ragin would be required to travel an additional 131 miles if the Court granted Defendant's Motion to Transfer.

(2) R.G. Spradlin—a current co-worker of Plaintiff. Plaintiff's Initial Disclosure fails to provide a current address for Mr. Spradlin. However, said disclosure recites that Mr. Spradlin is employed by Tex–Air Helicopters in Houston. Presumably, Mr. Spradlin also resides in the greater Houston metropolitan area. This inference, drawn in the absence of a known address, is not challenged in Defendant's Reply to Plaintiff's Response to the Motion to Transfer of Venue, to which a copy of Plaintiff's Initial Disclosure is attached as Exhibit "B." The approximate mileage from Houston to Beaumont is 84 miles. The Court has determined that the approximate mileage between Houston and LaFayette, Louisiana is 218 miles. Mr. Spradlin would be required to travel an additional 134 miles if the Court granted Defendant's Motion to Transfer Venue.

(3) Mark Gardner—a former co-worker of Plaintiff. Mr. Gardner resides in Tampa, Florida. As Mr. Gardner would be required to travel a significant distance to attend a trial of the case in either forum, the Court affords the convenience of Mr. Gardner little weight.

5. Defendant seizes on the fact that none of the potential witnesses disclosed in Plaintiff's Initial Disclosure are located in the Eastern District of Texas. While true, this fact does not alone establish that it would be more convenient, which respect to the attendance of these witnesses, for trial to proceed in LaFayette, or that the interests of justice demand a transfer.

To the contrary, the Court finds a transfer to LaFayette would impair Plaintiff's ability to obtain the attendance of two potential witnesses, specifically Mr. Ragin and Mr. Spradlin. While said witnesses appear subject to the subpoena power of this Court, the same cannot be said for the United States District Court for the Western District of Louisiana. Defendant's prospective witnesses, on the other hand, while not residing within one hundred miles of this courthouse, are nevertheless subject to the control of Defendant, and can effectively be brought here without compulsory process.

*DEFENDANT'S REPLY P.2*

It is not enough for a defendant to argue only that plaintiff's choice of forum is inconvenient for the plaintiff.[6] Id. at 408. Finally, in weighing the convenience of the parties, the Court may take into account the relative financial strength of the litigants. *Sorrels Steel Co., Inc., v. Great Southwest Corp.*, 651 F.Supp. 623, 631 (S.D.Miss.1986).

As previously noted, Defendant PHI, one of the world's largest commercial helicopter transport companies, maintains a base of operations in Sabine Pass, Texas, located in the Eastern District of Texas. Presumably, it is customary for Defendant's officers and agents to travel between LaFayette and Sabine Pass in the ordinary course of executing company business. Given the relative financial strength and unique capacity of Defendant to easily arrange for the conveyance of its representatives to the present forum, the Court finds the slight inconvenience to be experienced by Defendant in having to litigate this case in Beaumont hardly rises to the level necessary to compel transfer pursuant to § 1404(a).

**B. Location of Sources of Proof**

██ Defendant contends, with respect to the location of sources of proof, trial would more conveniently proceed in the Western District of Louisiana, as PHI maintains "all personnel and training records for its fleet of pilots, including those of plaintiff...," at its administrative headquarters in LaFayette. *DEFENDANT'S REPLY P.3*

██ Typically, the location of documents and business records is given little weight, unless said documents "are so voluminous that their transport is a major undertaking." *Met–L–Wood Corp. v. SWS Industries, Inc.*, 594 F.Supp. 706, 710 (N.D.Ill.1984); *See also Dupre*, 810

F.Supp. at 827. "As is the case with witnesses, general allegations that transfer is needed because of books and records are not enough." 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3853 at 439.

Attempting to bolster the relative significance of this factor, Defendant argues that the potential documentary sources of proof "are much broader and more voluminous as they pertain to issues beyond plaintiff's individual discharge claim, which plaintiff clearly intends to litigate and which PHI will be compelled to defend." *DEFENDANT'S REPLY P.3–4*. Accordingly, Defendant characterizes the instant suit as an attempt by Plaintiff "to relitigate the broad-based carrier interference charges already resolved in PHI's favor by the National Mediation Board." *ID. at 3.*

Plaintiff, in turn, argues "[s]ince Gardipee's wrongful termination and not the relitigation of the carrier interference charges is the only issue in this case, only the *testing* documentation of other pilots would be relevant." *PLAINTIFF'S SUR–REPLY TO DEFENDANT'S MOTION TO TRANSFER VENUE P.5.* ("*PLAINTIFF'S SUR–REPLY*"). In passing on Defendant's Motion to Dismiss, this Court previously clarified that the instant suit is properly characterized as a wrongful discharge case, and not an attempt to relitigate the representational carrier interference issues addressed by the National Mediation Board decision dated October 28, 1998.

Likewise, Defendant's Local Rule CV–26 Initial Disclosure reveals PHI disclosed only 22 pages of documentation bearing on Plaintiff's wrongful discharge claim. *SEE PLAINTIFF'S SUR–REPLY, EXHIBIT "A."* Defendant simply has not met its

---

**6.** Consequently, Defendant fails to demonstrate that the convenience of the parties demands transfer. As a movant for transfer, Defendant must establish that a transfer would make it substantially more convenient for the parties to litigate the case. *See Gundle*, 844 F.Supp. at 1165. Here, Defendant's argument ventures only to marginalize the additional inconvenience Plaintiff must bear if said case is transferred. For the reasons stated above, however, the Court has found that the convenience of witnesses points strongly against transfer.

burden of demonstrating that the documents involved in this case are so voluminous and burdensome that a transfer of venue is warranted.

### C. Place of the Alleged Wrong [7]

 Defendant argues that LaFayette is the place of the alleged wrong because: (1) the F.A.A. mandated pilot-proficiency test that Plaintiff failed in March 1998, a test whose results Plaintiff claims were evaluated in a discriminatory manner, was administered in LaFayette; (2) PHI's decisions to downgrade and eventually discharge him were made in LaFayette; (3) Plaintiff failed his final proficiency testing opportunity, administered in July 1998, in LaFayette; and (4) Plaintiff was subsequently discharged in LaFayette. *SEE DEFENDANT'S REPLY P. 4.*

As a threshold matter, the Court observes that in employment discrimination cases, as opposed to most tort actions, there is often some question as to where the cause of action accrues. In *Bevil v. Smit Americas, Inc.,* a district court in the Southern District of Texas considered the place of the alleged wrong in the context of a discrimination claim arising under the Age Discrimination in Employment Act. 883 F.Supp. 168, 171–2 (S.D.Tex.1995). The arguments set forth in furtherance of transfer in *Bevil* are closely akin to those articulated in the instant suit.

In *Bevil,* the defendant moved that the case be transferred from the Galveston Division of the Southern District of Texas to the Houston Division of the Southern District of Texas. Among other things, defendant argued that a transfer was warranted because the decision to ultimately discharge plaintiff was made in Houston, not in the Galveston office in which plaintiff worked. In denying defendant's motion to transfer, the court ruled:

> Defendant's argument would militate in favor of absolving vast corporate em-

pires of localized responsibility for policy and business decisions on the questionable grounds that the decision was made elsewhere. Corporations could easily circumvent state and federal law and the resultant consequences simply by choosing to make a decision in an isolated location far from where the decision has its ultimate impact. Corporations are certainly entitled to make decisions that have serious ramifications for all of their employees, officers and directors. But, inasmuch (as) decisions rendered at the executive level have an impact on the lives of employees at all tiers of the corporate pyramid, the corporation must stand accountable therefore, at the actual place of impact.

883 F.Supp. at 172.

In the instant suit, Plaintiff contends regardless of where the decision to terminate him was made, or further, where Plaintiff was later informed of said decision, Plaintiff was regularly working out of Sabine Pass, Texas, when discharged by Defendant. Under *Bevil,* Sabine Pass is the actual place of impact.[8]

Assuming arguendo that this factor weighs in favor of a transfer to LaFayette, the place of the alleged wrong is only one factor to be considered by the Court. *Continental Airlines,* 805 F.Supp. at 1399. As the convenience of the witnesses points strongly against transfer, the Court affords this factor little weight.

### D. Community's Nexus to the Alleged Wrong

 As to this factor, Defendant articulates the same points it asserted regarding the place of the alleged wrong. *SEE DEF.'S MOTION TO TRANSFER P. 9.* In response, Plaintiff argues, despite the fact that Gardipee does not reside in the Beaumont area, he worked for ten years out of Defendant's Sabine Pass base. *SEE PLAINTIFF'S RESPONSE P. 11.*

---

**7.** At the outset, this Court observes neither party directs the Court to a single case addressing the above-mentioned factor. Instead, the parties advance, without authority, numerous reasons why Beaumont or LaFay-

ette, respectively, are the "place of the alleged wrong."

**8.** Sabine Pass is located within the Eastern District of Texas, Beaumont Division.

As it likely that but for Plaintiff's discharge by Defendant, Plaintiff would currently be working out of Defendant's Sabine Pass base, this forum's interest in adjudicating the issue of wrongful discharge is certainly greater than LaFayette's interest in passing on the merits of this case.

### E. Cost of Obtaining the Attendance of Witnesses

It is well settled that the relative financial strength of the parties is a consideration which courts have recognized in passing on § 1404(a) motions to transfer. *Sorrels Steel Co., Inc.*, 651 F.Supp. at 631. For the reasons previously stated, the Court finds this factor weighs against transfer.

### F. Possibility of Delay or Prejudice if Transfer is Granted

This case has been pending in the Eastern District of Texas, Beaumont Division for almost six months. A firm trial date of November 15, 1999, was set at the hearing on Defendant's Motion to Dismiss held May 6, 1999. As the case will proceed to trial within six months from the date of this Order, it cannot seriously be contended that transfer of the action would not likely delay adjudication of the case. Defendant simply has not shown that the interests of justice, with respect to this factor, weigh in favor of transfer.

### G. Plaintiff's Choice of Forum

As recognized in *Continental Airlines*, while it cannot be said with certainty that a court must exercise a strong presumption in favor of the plaintiff's choice of forum, a plaintiff's choice of forum clearly remains one of the many factors for a court to consider when deciding whether to transfer a case pursuant to § 1404(a). 805 F.Supp. at 1395; *Dupre*, 810 F.Supp. at 828. Indeed, numerous courts have held a plaintiff's choice of forum is entitled to great deference, where

factually justified. *See Continental Airlines*, 805 F.Supp. at 1395–96; *See also Dupre*, 810 F.Supp. at 828 (it is this Court's consistent practice to honor a plaintiff's choice of forum, where factually justified); *Rippy v. Crescent Feed Commodities, Inc.*, 710 F.Supp. 1074, 1079 (S.D.Miss.1988) (plaintiff's choice of forum is entitled to great weight, especially when that choice is in the plaintiff's home state).

By the same token, Courts typically accord this factor little deference where plaintiff's chosen forum appears a blatant attempt to forum shop with little or no factual justification. *Dupre*, 810 F.Supp. at 828. In the instant suit, Defendant argues Plaintiff's choice of forum is entitled to little or no deference because the chosen forum "can in no way be said to be 'factually justified' in light of the exceptionally tenuous connection of his action to the Eastern District of Texas." *DEF.'S MOTION TO TRANSFER P. 10.*

The Court, however, does not find Plaintiff filed his case in this venue merely in an attempt to forum shop. After comprehensive analysis, set forth throughout this opinion, it is clear that this case has a sufficient nexus with the Beaumont Division of the Eastern District of Texas, such that the Court is convinced that Plaintiff contemplated other factors besides mere forum shopping in choosing where to file suit. In sum, the mere fact that Plaintiff does not reside in the Eastern District of Texas, is ameliorated by numerous other factors, including the previous finding of the Court that the convenience of witnesses strongly weighs in favor of trial taking place in Beaumont.

### H. Location of Counsel

This Court concurs with numerous other courts in finding that, of all the factors to be considered in passing on a § 1404(a) motion to transfer venue, the location of counsel is entitled to the least weight.[9] This is especially true where, as

---

9. Indeed, the vast majority of cases hold that this factor is entitled to little or no consideration at all. *See* 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3850 at 412–413 n. 5–6 (listing no less than sixty-one cases in which either of these conclusions was

here, the primary counsel of neither party maintains offices in the Beaumont Division of the Eastern District of Texas.[10] As neither Beaumont Division of the Eastern District of Texas, nor the proposed forum in the Western District of Louisiana, are particularly convenient for counsel, the Court finds this factor weighs in favor of neither forum.

## IV. CONCLUSION

Having weighed all the relevant factors to determine whether or not on balance this action would more conveniently proceed and the interests of justice be better served by a transfer to the Western District of Louisiana, the Court finds Defendant's Motion to Transfer Venue should be DENIED. For the reasons set forth above, Defendant has not demonstrated that the balance and convenience of justice substantially weigh in favor of transfer.

**IT IS SO ORDERED.**

reached); *See also Dupre,* 810 F.Supp. at 826 & n. 2.

10. Plaintiff's primary counsel is located in Cleveland, Ohio, while Defendant's primary counsel is based in Washington, D.C.