### EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

v.

### MUSTANG MOBILE HOMES, INC.

### No. EP–99–CA–311–DB.

United States District Court, W.D. Texas, El Paso Division.

Dec. 10, 1999.

Leticia Dominguez and Francisco X. Dominguez, Trial Attorneys, Equal Employment Opportunity Commission, El Paso Area Office, El Paso, TX, for Plaintiffs.

Fernando M. Bustos, Lubbock, TX, for Defendants.

## MEMORANDUM OPINION AND ORDER

BRIONES, District Judge.

On this day, the Court considered Defendant Mustang Mobile Homes, Inc.'s ("Defendant") pleading styled "Motion to Dismiss or Alternative Motion to Transfer Venue," filed on November 17, 1999, in the above-captioned cause. Plaintiff the Equal Employment Opportunity Commission ("Plaintiff") filed its Response to Defendant's Motion on November 30, 1999. After due consideration, the Court is of the opinion Defendant's Motion should be denied for the reasons that follow.

### Background

Plaintiff filed its Original Complaint on September 21, 1999, alleging that Defendant has maintained an English-only policy in Defendant's Lubbock, Texas, office, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991. Plaintiff seeks injunctive relief and costs, and compensatory and punitive damages on behalf of one Christina Andrade ("Andrade"), who allegedly was terminated as a result of her protests over Defendant's English-only policy.

On December 2, 1999, the Court entered its Scheduling Order in this matter and set the trial date in this cause for May 8, 2000.

### Discussion

Through its motion, Defendant moves to dismiss Plaintiff's case for improper venue or, alternatively, to transfer venue to the Northern District of Texas, Lubbock Division. More specifically, Defendant argues that pursuant to the applicable venue provision for Title VII actions, 42 U.S.C. § 2000e–5(f)(3), venue is not proper in the Western District of Texas. Thus, Defendant contends that pursuant to Federal Rule of Civil Procedure 12(b)(3), this cause should be dismissed. Alternatively, Defendant avers, this cause should be transferred to the Northern District of Texas pursuant to 28 U.S.C. §§ 1406(a) or 1404(a), for the convenience of the parties,

witnesses, and in the interest of justice. Plaintiff, by contrast, argues that venue is proper in the Western District of Texas and that Defendant has not met its burden of establishing that transferring this cause to the Northern District of Texas is appropriate. The Court addresses the Parties' arguments in turn below.

## I. 28 U.S.C. § 1406(a)

■ Title 28, United States Code, Section 1406(a) provides that, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Thus, § 1406(a) allows a court to dismiss or transfer a case "only where venue is first found to be improper." *Gorman v. Grand Casino of Louisiana, Inc.-Coushatta*, 1 F.Supp.2d 656, 660 (E.D.Tex. 1998) (stating, "§ 1406(a) is only operative where venue is improper or defective, a dismissal or transfer under § 1406(a) is not allowed where venue is properly laid."). A party may move for dismissal of a suit based on improper venue under Federal Rule of Civil Procedure 12(b)(3). Once an objection to venue has been raised by the defendant, the plaintiff bears the burden of demonstrating that venue is proper in the district in which the action is pending. *See Seariver Maritime Fin. Holdings, Inc. v. Pena*, 952 F.Supp. 455, 458 (S.D.Tex.1996).

Here, Defendant concedes that this cause arises out of actions allegedly taken by Defendant in Lubbock. However, Defendant argues initially that Plaintiff has laid venue for this cause in the wrong judicial district, namely, the Western District of Texas, El Paso Division. Defendant maintains that, "[a]lthough it may be more convenient for [Plaintiff's] attorneys to file suit in the El Paso Division of the Western District of Texas ..., that does not make for proper venue in this case, where all facts, relevant parties and witnesses pertaining to this lawsuit are located in the United States District Court for the Northern District of Texas, Lubbock Division." The Court disagrees with Defendant.

■ The Tile VII venue provision, in relevant part, provides:

Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, the action may be brought within the judicial district in which the respondent has his principal office....

42 U.S.C. § 2000e–5(f)(3). Thus, venue for Title VII actions "is not limited to the judicial district in which the alleged unlawful acts occurred, but is appropriate in any judicial district in the state in which the alleged unlawful acts occurred." *Aitkin v. Harcourt Brace Jovanovich, Inc.*, 543 F.Supp. 987, 988 (W.D.N.Y.1982); *see also Equal Employment Opportunity Commission v. Parish Water Work's Co., Inc.*, 415 F.Supp. 124, 125 (E.D.La.1976) (stating, "[t]he broad venue provisions set forth in 42 U.S.C. § 2000e–5(f)(3) give the plaintiff the initial opportunity to engage in forum-shopping within the state in which the alleged wrongful act occurred."). Because this cause arises out of actions allegedly taken by Defendant in Lubbock, and because the Western District of Texas is a judicial district in the State, Texas, in which the unlawful employment practice is alleged to have been committed, *see* 42 U.S.C. § 2000e–5(f)(3), the Court finds venue for this cause is proper in the Western District of Texas. Consequently, the Court is of the opinion this cause should not be dismissed or transferred pursuant

to 28 U.S.C. § 1406(a). Having so decided, the Court now addresses Defendant's remaining claim.

## II. 28 U.S.C. § 1404(a)

Alternatively, pursuant to 28 U.S.C. § 1404(a), Defendant argues that the Court should transfer this action to the Northern District of Texas for the convenience of the parties, witnesses, and in the interest of justice.

■ Title 28, United States Code, Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Whether to transfer a case pursuant to § 1404(a) is a matter within the trial court's discretion. *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir.1988). Further, it is well-settled that the movant bears the burden of showing why a transfer of venue under § 1404(a) is warranted. *See Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1165 (S.D.Tex.1994). To prevail, the movant must demonstrate the balance of convenience and justice weighs substantially in favor of transfer. *See id.* Thus, when assessing the merits of a § 1404(a) motion, a court must determine if a transfer would make it substantially easier for the parties to litigate the case. *See id.*

■ In passing on a motion to transfer venue, the Fifth Circuit has directed trial courts to consider all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.1989) (citation omitted). These factors include the following: 1) the availability and convenience of witnesses; 2) the availability and convenience of the parties; 3) the place of the alleged wrong; 4) the location of books and records; 5) the possibility of delay or prejudice if transfer is granted; 6) the location of counsel; and 7) the plaintiff's choice of forum. *See, e.g.,*

*Hall v. Environmental Chem. Corp.*, 64 F.Supp.2d 638, 644 (S.D.Tex.1999). As explained below, an analysis of these factors demonstrates that Defendant's motion should be denied and this matter should be tried in the Western District of Texas.

### A. Availability and Convenience of the Witnesses and Parties

With respect to the availability and convenience of the witnesses and Parties in this matter, Defendant argues, without more, that for "the convenience of the parties and witnesses," this cause should be transferred. Typically, the convenience of the witnesses and parties is the most important factor in determining whether a case should be transferred pursuant to § 1404(a). *See Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993). Nevertheless, Defendant has not identified those witnesses Defendant intends to call at trial or the substance of any witness' expected testimony. Moreover, Defendant has produced no evidence to suggest that any of Defendant's potential witnesses or Defendant either could or would not attend a trial in the Western District of Texas, or would be prejudiced severely if this matter were to proceed in this district. Consequently, the Court finds Defendant has failed to meet its burden on these points. *See id.* at 825 (stating, "[a] movant must specifically identify the key witnesses and outline the substance of their testimony.").

### B. Place of the Alleged Wrong

Regarding the place of the alleged wrong, Defendant argues that transfer is appropriate because the Northern District of Texas is the judicial district where the alleged unlawful employment practices occurred and where the aggrieved person, Andrade, would have worked but for the alleged unlawful employment action. While perhaps true, and the Court finds that this factor does weigh in favor of transferring this case to the Northern District, it is only one factor for the Court's consideration. *See Continental Airlines,*

*Inc., v. American Airlines, Inc.*, 805 F.Supp. 1392, 1399 (S.D.Tex.1992) (stating, "it is not the rule that a case must be transferred if the action complained of occurred in another forum.").

### C. Location of Books and Records

When considering a motion to transfer venue, the location of documents and business records is usually given little weight, unless the documents " 'are so voluminous their transport is a major undertaking.' " *See Gardipee v. Petroleum Helicopters, Inc.*, 49 F.Supp.2d 925, 931 (E.D.Tex.1999) (quoting *Met–L–Wood Corp. v. SWS Industries, Inc.*, 594 F.Supp. 706, 710 (N.D.Ill.1984)). Here, Defendant avers, through affidavit testimony, that "[a]ll of [Defendant's] employment records relevant to any such alleged practice are maintained and administered solely in ... Lubbock ...." However, other than its general allegations in this regard, Defendant has made no showing to suggest which documents it believes are relevant to this cause and that those documents are so voluminous that transporting them would be impractical. This simply is not enough to sustain Defendant's burden on this point. *See id.*

### D. Possibility of Delay or Prejudice if Transfer is Granted

Regarding the possibility of delay or prejudice if transfer is granted, the Court finds this factor does not weigh in favor of transfer. While Defendant, once again, has offered no indication of what effect transfer would have upon the disposition of this case, the Court points out that it entered its Scheduling Order in this cause on December 2, 1999, and, presumably in accordance therewith, the Parties have, or are preparing to engage in, discovery. Further, a trial date in May 2000 has been set. Consequently, the Court finds that to transfer this matter with little less than five months to trial would only work to delay the hearing of this cause on the merits.

### E. Location of Counsel

With respect to the location of counsel, Plaintiff's and Defendant's counsel are located in the Western and Northern Districts of Texas, respectively. Presumably, however, Plaintiff also has counsel in the Northern District. Thus, while the Court finds that this factor weighs in favor of transfer, it weighs only slightly in favor of transfer because the location of counsel is the factor typically entitled to little, if any, weight. *See Dupre*, 810 F.Supp. at 826.

### F. Plaintiffs Choice of Forum

■ Finally, the Court considers Plaintiff's choice of forum. In general, a plaintiff's choice of forum is entitled to great weight and will not be disturbed unless the other factors weigh substantially in favor of transfer. *See Robertson v. Kiamichi R.R. Co.*, 42 F.Supp.2d 651, 656 (E.D.Tex. 1999). Simply put, such is not the case here.

■ All told, of the seven relevant factors considered, five weigh in favor of trying this cause in the Western District of Texas, while only two weigh in favor of transfer. Consequently, the Court finds Defendant has failed to meet its burden of demonstrating the balance of convenience and justice substantially weighs in favor of transferring this cause to the Northern District of Texas. *See Gundle*, 844 F.Supp. at 1165.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Mustang Mobile Homes, Inc.'s pleading styled "Motion to Dismiss or Alternative Motion to Transfer Venue" is **DENIED.**