Tina M. BECNEL and William
T. Becnel, Sr.,

v.

SMILE COMMUNITY ACTION
AGENCY, INC.

No. Civ.A. 01–633–A.

United States District Court,
M.D. Louisiana.

Dec. 21, 2001.

Richard Paul Bullock, Baton Rouge, LA, for plaintiffs.

Gregory Guidry, Robert J. David, Jr., Onebane, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, LA, for defendants.

## RULING ON MOTION TO TRANSFER VENUE

JOHN V. PARKER, Chief Judge.

This matter is before the court on a motion by the defendant, Smile Communi-

ty Action Agency, Inc., to transfer venue (doc. 4). The motion is opposed by the plaintiffs, Tina M. Becnel and William T. Becnel, Sr. Jurisdiction is based upon a federal question pursuant to 42 U.S.C. § 2000e. There is no need for an oral argument.

### Right–to–Sue Letter

■ An individual must file a Title VII civil action within ninety (90) days of receipt of a formal right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1). Plaintiff alleges that she filed a complaint with EEOC but does not allege that she received a right-to-sure letter from the EEOC. Issuance of a right-to-sue letter is jurisdictional in Title VII cases. *Howard v. Lemmons*, 547 F.2d 290 (5th Cir.1977). It is well established that a district court lacks jurisdiction over a Title VII suit where a right-to-sue letter has not been issued. *East v. Romine, Inc.*, 518 F.2d 332 (5th Cir.1975); *Beverly v. Lone Star Lead Constr. Co.*, 437 F.2d 1136 (5th Cir. 1971); *Dent v. St. Louis–S.F. Ry. Co.*, 406 F.2d 399 (5th Cir.1969). Plaintiff is directed to file into this record within fifteen (15) days of this ruling the right-to-sue letter issued to her by the EEOC, if such a letter has in fact been issued.

### I. Facts

This cause arises out of claims of unlawful discrimination, in violation of Title VII of the Equal Employment Opportunities Act as contained in 42 U.S.C. § 2000e and the Louisiana Employment Discrimination Law of La.R.S. 23:301. The alleged unlawful discrimination occurred in New Iberia, Louisiana, which is in the Western District of Louisiana. The plaintiffs filed this cause in the Middle District of Louisiana and presently argue this venue was selected to minimize any potential taint of the jury pool that may result from suing an organization that engages in benevolent activities primarily in the jurisdiction of the Western District. The defendant now seeks that this court transfer this action to the Western District pursuant to the common law doctrine of *forum non conveniens.*

### II. Law & Discussion

■ Each United States district court shall have jurisdiction of actions brought under 42 U.S.C. § 2000e. 42 U.S.C.2000e–5(3). Further, any action based upon 42 U.S.C. § 2000e may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed. *Id.* Thus, venue for Title VII actions "is not limited to the judicial district in which the alleged unlawful acts occurred, but is appropriate in any judicial district in the state in which the alleged unlawful acts occurred." *Aitkin v. Harcourt Brace Jovanovich, Inc.,* 543 F.Supp. 987, 988 (W.D.N.Y.1982); *Equal Employment Opportunity Commission v. Parish Water Work's Co., Inc.,* 415 F.Supp. 124, 125 (E.D.La.1976) (stating, "the broad venue provisions set forth in 42 U.S.C. § 2000e–5(f)(3) give the plaintiff the initial opportunity to engage in forum-shopping within the state in which the alleged wrongful act occurred"). Because this cause arises out of actions allegedly taken by the defendant in Lafayette, Louisiana, venue for this cause is proper in the Middle District of Louisiana.

■ Defendant argues that the court should transfer this action to the Western District of Louisiana for the convenience of the parties, witnesses, and in the interest of justice. Title 28, United States Code, Section 1404(a) provides that, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Whether to transfer a case pursuant to § 1404(a) is a matter within the

trial court's discretion. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523 at 528 (5th Cir.1988). It is well-settled that the movant bears the burden of showing why a transfer of venue under § 1404(a) is warranted. *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163 at 1165 (S.D.Tex.1994). To prevail, the movant must demonstrate the balance of convenience and justice weighs substantially in favor of transfer. *Id.* Thus, when assessing the merits of a § 1404(a) motion, a court must determine if a transfer would make it substantially easier for the parties to litigate the case. *Id.*

In passing on a motion to transfer venue, the Fifth Circuit has directed trial courts to consider all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428 at 1436 (5th Cir.1989). These factors include the following: 1) the availability and convenience of witnesses; 2) the availability and convenience of the parties; 3) the place of the alleged wrong; 4) the location of books and records; 5) the possibility of delay or prejudice if transfer is granted; 6) the location of counsel; and 7) the plaintiffs choice of forum. See *Hall v. Environmental Chem. Corp.*, 64 F.Supp.2d 638 at 644 (S.D.Tex.1999). As explained below, an analysis of these factors demonstrates that defendant's motion should be denied.

■ With respect to the availability and convenience of the witnesses and parties in this matter, the defendant summarily argues the convenience of the parties and witnesses merit a transfer of this cause. Typically, the convenience of the witnesses and parties is the most important factor in determining whether a case should be transferred pursuant to § 1404(a). See *Dupre v. Spanier Marine Corp.*, 810

F.Supp. 823, 825 (S.D.Tex.1993). Nevertheless, the defendant has not stated the substance of any witnesses' expected testimony. Moreover, defendant has produced no evidence to suggest that any of the defendant's potential witnesses could or would not attend a trial in the Middle District of Louisiana, or would be prejudiced severely if this matter were to proceed in this district. Consequently, the court finds defendant has failed to meet its burden on these points. *Dupre*, at 825 ("[a] movant must specifically identify the key witnesses and outline the substance of their testimony").

Regarding the place of the alleged wrong, the defendant argues that transfer is appropriate because the Western District of Louisiana is the judicial district where the alleged unlawful employment practices occurred and where the aggrieved person would have worked but for the alleged unlawful employment action. While perhaps true, this is yet but only one factor for the court's consideration. *Continental Airlines, Inc., v. American Airlines, Inc.*, 805 F.Supp. 1392, 1399 (S.D.Tex.1992) (stating, "it is not the rule that a case must be transferred if the action complained of occurred in another forum"). Furthermore, this factor, alone, does not necessitate a transfer of this cause.

When considering a motion to transfer venue, the location of documents and business records is usually given little weight, unless the documents " 'are so voluminous their transport is a major·undertaking.' " *Gardipee v. Petroleum Helicopters, Inc.*, 49 F.Supp.2d 925, 931 (E.D.Tex.1999) (quoting *Met–L–Wood Corp. v. SWS Industries, Inc.*, 594 F.Supp. 706, 710 (N.D.Ill.1984)). Here, the defendant avers that all the plaintiffs' employment records relevant to this action are maintained in Lafayette. However, other than its gener-

al allegations in this regard, the defendant has made no showing to suggest which documents it believes are relevant to this cause and that those documents are so voluminous that transporting them would be impractical. This simply is not enough to sustain defendant's burden on this point. *Id.*

Regarding the possibility of delay or prejudice if transfer is granted, the court finds this factor does not weigh in favor of transfer. The defendant has offered no evidence concerning what effect transfer would have upon the disposition of this case. Hence, this factor is neutral and does not favor a transfer of this cause.

With respect to the location of counsel, plaintiff's and defendant's counsel are located in the Middle and Western Districts of Louisiana. The court finds that this factor is also neutral and, hence, not favoring a transfer of this cause. The location of counsel is the factor typically entitled to little, if any, weight. *Dupre,* 810 F.Supp. at 826.

Finally, the court considers plaintiff's choice of forum. In general, a plaintiff's choice of forum is entitled to great weight and will not be disturbed unless the other factors weigh substantially in favor of transfer. *Robertson v. Kiamichi R.R. Co.,* 42 F.Supp.2d 651, 656 (E.D.Tex.1999). Simply put, such is not the case here.

All told, of the seven relevant factors considered, five weigh in favor of trying this cause in the Middle District of Louisiana, while only two might arguably weigh in favor of transfer. Most importantly, the specific venue provision of 42 U.S.C. § 2000e–5(3) is entitled to great weight in favor of plaintiff's choice of forum.

### III. Conclusion

Accordingly, for the reasons assigned, the *Motion to Transfer* (doc. 4) filed on behalf of defendant is hereby DENIED.

Plaintiffs shall produce the right-to-sue letter within fifteen (15) days hereof.