**Linda Gayle GORMAN, Plaintiff,**

v.

**GRAND CASINO OF LOUISIANA, INC.-COUSHATTA d/b/a Grand Casino Coushatta, Defendant.**

**No. 1:97–CV–633.**

United States District Court,
E.D. Texas,
Beaumont Division.

April 18, 1998.

J. Kevin Dutton, Tonahill, Hile, Leister & Jacobellis, Jasper, TX, for Plaintiff.

Katherine Marie Loos, Briney & Foret, Lafayette, LA, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO TRANSFER

SCHELL, Chief Judge.

Before the court is Defendant Grand Casino of Louisiana, Inc.—Coushatta's ("Grand Casino") Motion to Dismiss or, Alternatively, Motion to Transfer, filed on January 23, 1998. Plaintiff Linda Gayle Gorman ("Gorman") filed a response on February 25, 1998, and an amended response on April 9, 1998. Upon consideration of the motion, response, amended response, and applicable law, the court is of the opinion that Defendant's Motion to Dismiss should be DENIED.

## I. Background

Plaintiff Linda Gayle Gorman ("Gorman") alleges in her complaint that, while she was at the Defendant's casino as a customer, a security guard employed by Grand Casino gave her a drink. According to the complaint, the drink contained Benzodiazepine, otherwise known as a date rape pill. The complaint then alleges that the security guard made several advances to Gorman. The complaint does not state whether or not sexual assault allegedly occurred.

Grand Casino filed the present motion, arguing that the case should be dismissed for lack of personal jurisdiction. Grand Casino argues that it does not reside within the Eastern District of Texas for the purposes of personal jurisdiction because it does not have sufficient minimum contacts with the forum state. In the alternative, Grand Casino argues that venue is improper in the Eastern District of Texas because it is not a resident of the District and Plaintiff's claims did not arise within the District; therefore, according to Grand Casino, the case should be transferred to the United States District Court for the Western District of Louisiana.

## II. Personal Jurisdiction Over Defendant Grand Casino

### A. The Contacts of Grand Casino with the State of Texas

In her complaint, Gorman alleges numerous activities of Grand Casino within the jurisdiction of the Eastern District of Texas. These activities include widespread regional advertising on local television stations, local radio programs, advertisements in the local Yellow Pages, and numerous billboards, strategically placed so as to lure Texas residents across the border into Louisiana to take advantage of Grand Casino's services. These allegations are uncontroverted by Grand Casino. Additionally, Gorman has provided evidence of Grand Casino's Yellow Pages advertisement in Beaumont, Texas, and photographs of some of its billboards in Beaumont.

### B. Specific Jurisdiction

"When the cause of action relates to the defendant's contact with the forum, the 'minimum contacts' requirement is satisfied, and 'specific' jurisdiction is proper, so long as that contact resulted from the defendant's purposeful conduct and not the unilateral activity of the plaintiff." *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir.1987) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). "*In personam* jurisdiction has taken a restrictive view of the relationship between causes of action and contacts, seemingly to require virtually a direct link between claim and contacts in order to pursue a specific jurisdiction analysis." *Kervin v. Red River Ski Area, Inc.*, 711 F.Supp. 1383, 1389–90 (E.D.Tex. 1989); *see also Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1137 (5th Cir.1987). The court does not find that the allegations or evidence before it support a finding of specific jurisdiction.

The allegations in this case concern events which allegedly occurred within the facilities at Grand Casino, in the State of Louisiana. Gorman's cause of action does not arise out of Defendant's *advertising* in the State of Texas; it arises out of Grand Casino's *operation* of its facility in Louisiana. Billboard advertisements of slot machine payouts or the odds in a particular casino have nothing to do with the conduct of that casino's employees. Gorman's claim has nothing to do with Grand Casino's marketing scheme, and the events alleged in the complaint have nothing to do with Grand Casino's activities in Texas. Therefore, there is no link between Grand Casino's contacts with Texas and Gorman's claim.

### C. General Jurisdiction

When the cause of action does not arise from or relate to a foreign corporation's purposeful conduct within the forum state, due process requires that there be continuous and systematic contacts between the State and the foreign corporation to support an exercise of "general" jurisdiction. *Bearry*, 818 F.2d at 374 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S.

408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). In a case of general jurisdiction, the principle is one of "exchange." *Id.* at 375. "[B]y invoking the benefits and protections of the forum's laws [through its numerous contacts and voluntary business within the forum], the nonresident defendant is seen as 'consenting' to being sued there." *Id.*

■ The issue, then, is whether the large number of Defendant's advertisements could amount to "continuous and systematic" contact with the State of Texas, such that Grand Casino has invoked the benefits and protections of Texas law to the point that it has consented to being sued here. *Id.* at 375. The court is aware of numerous decisions from the Fifth Circuit and other courts holding that *national* advertising campaigns are not enough, in and of themselves, to support a finding of general jurisdiction. *See, e.g., Singletary,* 828 F.2d at 1136; *Growden v. Ed Bowlin & Assoc.,* 733 F.2d 1149, 1151–52 (5th Cir.1984); *Loumar v. Smith,* 698 F.2d 759, 763–64 (5th Cir.1983). However, these cases do not address facts where, as here, a defendant engages in a pervasive, systematic, and continuous *local* advertising campaign.

The court finds both *Growden* and *Loumar* instructive on the issue of pervasive local advertising. In both cases, the Fifth Circuit noted that there was no evidence in the record that the defendants had advertised products or services locally such that they could reasonably expect to be haled into court in the forum state. The court also observed, however, that in a case involving specific jurisdiction, the Texas Supreme Court had previously held that a defendant's "decision to advertise in local telephone directories, in and of itself, is a sufficiently purposeful act ..." to support jurisdiction. *See Growden,* 733 F.2d at 1152 n. 6; *Loumar,* 698 F.2d at 764 (citing *Siskind v. Villa Found. for Education, Inc.,* 642 S.W.2d 434, 436 (Tex.1982)). While *Siskind* was admittedly a case that turned on specific jurisdiction, the language in *Siskind* quoted by *Growden* and *Loumar* suggests that local advertising can suffice for general jurisdiction, if the advertising is such that a defendant can reasonably expect to be haled into

court in the jurisdiction that has been targeted in its marketing campaign.

In this case, Gorman's uncontroverted allegations and evidence show that Grand Casino had numerous local advertising contacts with the State of Texas. The uncontroverted complaint and response, when taken together and viewed in the light most favorable to the plaintiff, support the conclusion that Grand Casino not only advertises in the local Yellow Pages, but also advertises via local billboards, local telephone directories, local television, and local radio. Numerous contacts such as these, in a concentrated geographic locale, constitute sufficient evidence that Grand Casino has availed itself of this forum with "continuous and systematic" contacts such that it could reasonably expect to be haled into court in this jurisdiction. The prong of "minimum contacts" is satisfied in this case.

### D. Fair Play and Substantial Justice

■ The court must next determine whether the exercise of jurisdiction over a non-resident defendant offends traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In determining this analysis, the court must examine: 1) the defendant's burden; 2) the forum state's interest; 3) the plaintiff's interest in convenient and effective relief; 4) the judicial system's interest in efficient resolution of controversies; and 5) the states' shared interest in furthering fundamental social policies. *Asahi Metal Ind. Co. v. Superior Court of California,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); *Irving v. Owens–Corning Fiberglas Corp.,* 864 F.2d 383, 387 (5th Cir.1989).

In the present case, the defendant casino would not be overly burdened by litigation in Beaumont, Texas. As defendant surely knows, Beaumont is just across the state line from its casino in Louisiana. Second, the State of Texas has a legitimate interest in the outcome of this dispute involving one of its own citizens, one of many enticed to the casino by Defendant's advertising. Third, Gorman obviously has an interest in trying this case in a Texas court. Fourth, while

this litigation is at an early stage, any dismissal or transfer would still serve to delay the progress of the case. Any delay in adjudication is unfortunate and should be avoided, especially where a delay is not required by the controlling law. Finally, both Louisiana and Texas share an interest in the issues arising from this case, and therefore this factor does not persuade the court one way or the other.

Taking into account all of the factors involved in a fairness analysis, and considering the uncontroverted allegations of the complaint and the proffered evidence in the light most favorable to the plaintiff, the court finds that traditional notions of fair play and substantial justice are not offended by the court's exercise of jurisdiction over Grand Casino. Therefore, the court finds that Defendant's Motion to Dismiss for lack of personal jurisdiction should be DENIED.

### III. Motion To Transfer Under § 1406(a)

In the alternative, Grand Casino has moved for a transfer of this case under 28 U.S.C. § 1406(a), which allows a court to transfer a case only where venue is first found to be *improper*.[1] "The statutory prerequisites for a § 1406(a) transfer are simple. Upon determining that a defect in venue exists, 'it is enough simply that the court thinks transfer is in the interest of justice.'" *Mortensen v. Wheel Horse Products, Inc.*, 772 F.Supp. 85, 90 (N.D.N.Y.1991) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) and 15B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3827, at 270). Since § 1406(a) is only operative where venue is improper or defective, a dismissal or transfer under § 1406(a) is not allowed where venue is properly laid. *Time, Inc. v. Manning*, 366 F.2d 690, 698 n. 12 (5th Cir.1966).

Under § 1391(a) and (c), venue in a diversity suit lies against a corporate defendant in any district where the corporation "resides,"

and a corporation is deemed to reside in any district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(a), (c); *see Barrineau v. Sub Sea Intern.*, 940 F.Supp. 153, 154 (E.D.Tex.1996). Since this court has determined that it has personal jurisdiction over Grand Casino, the defendant resides here for purposes of venue. Therefore, venue is proper. Thus, the court is of the opinion that Defendant's Alternative Motion to Transfer under 28 U.S.C. § 1406(a) should be DENIED.

### IV. Conclusion

THEREFORE, for the foregoing reasons, the court hereby DENIES Defendant's Motion to Dismiss or, Alternatively, Motion to Transfer. It is so ORDERED.

---

1. Defendant has not moved for a transfer under 28 U.S.C. § 1404(a). Moreover, even if this were a § 1404(a) motion to transfer, the burden is on the defendant to show why a transfer is proper. *Enserch Int'l. Exploration v. Attock Oil Co.*, 656 F.Supp. 1162, 1167 n. 15 (N.D.Tex.1987). Since Grand Casino attached no affidavits or other evidence (other than a copy of Gorman's complaint) to its Motion, that burden would not have been met here.