**Murrie S. MORGAN, Individually
and as Representative of the
Estate of T.G. Morgan,**

v.

**COUSHATTA TRIBE OF INDIANS OF
LOUISIANA, Grand Casinos of Louisiana Inc.,–Coushatta, Grand Casinos of
Louisiana, L.L.C.–Coushatta.**

No. 1:00–CV–298.

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 21, 2001.

Joe J. Fisher, II, Provost & Umphrey, Beaumont, TX, for Plaintiffs.

Craig Haworth Clendenin, Benckenstein, Norvell & Nathan, LLP, Houston, TX, for Defendants.

## MEMORANDUM OPINION RE PERSON-AL JURISDICTION, INDISPENS-ABLE PARTY, AND VENUE

HINES, United States Magistrate Judge.

Defendant, Grand Casinos of Louisiana, Inc.–Coushatta moves to dismiss for lack of personal jurisdiction and for failure to join an indispensable party. Alternatively, it moves for a transfer of venue. By separate order entered simultaneously, the court has denied these motions. This opinion states the court's reasoning and basis for denying the motions.

### I. Parties and Nature of Suit

Plaintiff, Murrie S. Morgan, is a resident of Jefferson County, Texas. She brings suit individually and as independent administrator of the estate of her deceased husband, T.G. Morgan.[1]

Defendants are (1) Coushatta Tribe of Louisiana ("the Tribe"),[2] (2) Grand Casinos

of Louisiana, Inc.–Coushatta ("INC."), and (3) Grand Casinos of Louisiana, LLC–Coushatta ("LLC"). The Tribe is an Indian Nation recognized by the United States of America. INC. and LLC are both Minnesota corporations authorized and licensed to conduct business in the state of Louisiana.

Plaintiff alleges that defendants own, occupy, and operate a commercial gambling casino in Kinder, Louisiana. The complaint avers that on August 4, 1998, T.G. Morgan was a patron and business invitee of the casino. He slipped and fell in water standing on the tile floor of a restroom on defendants' premises, and sustained personal injuries.

Invoking the court's diversity jurisdiction under 28 U.S.C. § 1332, plaintiff asserts negligence-based causes of action. Specifically, plaintiff contends that water on the restroom floor was a hidden danger constituting an unreasonable risk of harm. Plaintiff further contends that defendants failed to use reasonable care to make and keep their premises safe. Plaintiff alleges that defendants breached their duty to inspect the premises to discover latent defects, and to either make them safe or give adequate warnings of hidden dangers. Finally, plaintiff contends that defendants' negligence was a proximate cause of T.G. Morgan's accident and injuries.

In behalf of the estate, plaintiff seeks to recover medical expenses and compensatory damages for physical pain and suffering, mental anguish, physical impairment, and disfigurement. Individually, plaintiff seeks to recover for loss of consortium.

### II. Defendants' Responses to Complaint

All three defendants are represented by the same counsel. However, each defendant has responded differently to plaintiff's complaint as follows:

| Defendant | Response |
| --- | --- |
| LLC | An answer on the merits within the meaning of Fed.R.Civ.P. 12(a). (See Docket No. 5.) |

---

1. The death of T.G. Morgan is not related to this cause of action.

2. This defendant is named "Coushatta Tribe of Indians of Louisiana" in the complaint designated "Plaintiff's Original Petition." (*See* Docket No. 1.)

| | |
|---|---|
| The Tribe | A defense of lack of subject-matter jurisdiction, presented by motion under Fed.R.Civ.P. 12(b)(1). (See Docket No. 3.) |
| INC. | Defenses of lack of personal jurisdiction and failure to join a party, presented by motion under Fed.R.Civ.P. 12(b)(2) and (7), and, alternatively, a motion to transfer venue under 28 U.S.C. §§ 1404 and 1406. (See Docket No. 4.) |

### III. INC.'s Motion To Dismiss and Plaintiff' Response

The motion to dismiss asserts first that INC. has not purposefully availed itself of conducting activities within Texas, and therefore has not established "minimum contacts" sufficient to support the exercise of Texas long-arm jurisdiction under the Due Process clause. INC. argues further that assumption of jurisdiction over it would offend traditional notions of fair play and substantial justice so as to be inconsistent with due process of law. Therefore, the action should be dismissed for lack of personal jurisdiction.

INC. argues next that Coushatta Tribe of Louisiana—which is immune from suit—is indispensable to the resolution of this suit. In this respect, the motion contends that the Tribe owned and controlled the premises, and to proceed without the Tribe in this litigation would impair or impede the Tribe's ability to protect its interests.

Finally, INC. argues that even were personal jurisdiction present, and even were the Tribe not an indispensable party, venue in the eastern district of Texas is inconvenient. The motion contends that venue is more convenient in the western district of Louisiana, and therefore the action should be transferred pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). In this respect, INC. argues that the premises are located in Louisiana, that several witnesses reside in Louisiana, that Louisiana or tribal law will govern the action, and that trial in Louisiana will not be inconvenient to plaintiff.

Plaintiff responds that personal jurisdiction may be exercised over INC. because pervasive local advertisements within the eastern district of Texas constitute sufficient minimum contacts to satisfy Due Process concerns with respect to exercise of long-arm jurisdiction. Next, plaintiff argues that the Tribe is not immune from suit, but even if it were, it is not an indispensable party here because (a) complete relief can be granted without the Tribe as a party, (b) witnesses under the Tribe's control are within the court's subpoena power, and (c) continuation of the lawsuit will not impair or impede the Tribe's interests. Finally, plaintiff—addressing separately eleven private and public interest factors relevant to the question of whether to transfer an action for convenience—argues that INC. fails to demonstrate that the balance of convenience and justice substantially weighs in favor of transfer.

### IV. Discussion

#### A. Analytical Factors

The three issues now before the court—personal jurisdiction, indispensable party, and convenience of the chosen venue—have well-developed principles of analysis which both parties embrace. Accordingly, there is no occasion for another cumulative recitation of those principles. It suffices for present purposes to acknowledge only the rudiments in abbreviated form.

##### 1. Factors of Analysis: Personal Jurisdiction

The threshold personal jurisdiction issue first requires a two-pronged inquiry into a defendant's contacts with the forum state and a determination of whether such contacts are sufficient to support the exercise of specific or general jurisdiction. If so, the court must next determine whether exercise of jurisdiction over a non-resident defendant would offend traditional notions of fair play and substantial justice. The latter inquiry requires examination of five factors identified in *Asahi Metal Ind. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

##### 2. Factors of Analysis: Indispensable Party

The defense of failure to join an indispensable party is raised less often than a challenge to personal jurisdiction. The indispensable party issue requires a two-pronged analysis succinctly stated in *Rishell v. Jane*

*Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir.1996) as follows:

> "The moving party has the burden of persuasion in arguing for dismissal." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir.1990). Determining whether an absent party is indispensable requires a two-part analysis. *See id.; Francis Oil & Gas [v. Exxon Corp.]*, 661 F.2d [873] at 877–78 [(10th Cir.1981)]. The court must first determine under Rule 19(a) whether the party is necessary to the suit and must therefore be joined if joinder is feasible. If the absent party is necessary but cannot be joined, the court must then determine under Rule 19(b) whether the party is indispensable. If so, the suit must be dismissed.

As is obvious from the quoted excerpt, there is a critical distinction between a necessary party and an indispensable party. That distinction is articulated succinctly in *Shelton v. Exxon Corp.*, 843 F.2d 212, 216 (5th Cir. 1988):

> Rule 19 of the Federal Rules of Civil Procedure requires that if, as a matter of equity the court finds that the lawsuit cannot proceed without the absent party, then that party be considered indispensable and the case dismissed. If, however, the lawsuit can proceed, the party is only a necessary one. Unless the court finds that a party is indispensable, therefore, it has no discretion, except in the most exceptional cases, to dismiss the case even if a necessary party cannot be joined.

To distinguish an indispensable party from a necessary one, the court must focus on four factors established in Rule 19(b) of the Federal Rules of Civil Procedure. First, the court examines to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties. Second, the court determines the extent to which by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided. Third, the court resolves whether a judgment rendered in the person's absence will be adequate. Finally, the court inquires whether the plaintiff will have an adequate

remedy if the action is dismissed for nonjoinder. *See Id.*

### 3. *Factors of Analysis: Convenience of Forum*

The court may transfer venue under two separate sections of the United States Code. Title 28 U.S.C. § 1406(a) allows a district court to transfer a case only where venue is first found to be improper. In such instances, "it is enough simply that the court thinks transfer is in the interest of justice." *Mortensen v. Wheel Horse Products, Inc.*, 772 F.Supp. 85, 90 (N.D.N.Y.1991) (citing 15 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure* § 3827 (2d ed.1986)); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). However, since Section 1406(a) only operates when venue is improper or defective, a dismissal or transfer under § 1406(a) is not allowed where venue is properly laid. *Time, Inc. v. Manning*, 366 F.2d 690, 698 n. 12 (5th Cir. 1966).

Title 28 U.S.C. § 1404(a) permits the court to transfer venue for convenience or in the interests of justice even when venue is proper in plaintiff's chosen forum. When considering a Section 1404(a) transfer, the court balances two categories of interests: (1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice. See *International Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (5th Cir.1996); *Walter Fuller Aircraft Sales v. The Republic of the Philippines*, 965 F.2d 1375, 1389 (5th Cir.1992). Convenience factors include: (1) plaintiff's choice of forum; (2) the convenience of parties and witnesses; (3) the place of the alleged wrong; (4) the location of counsel; (5) the cost of obtaining attendance of witnesses; (6) the accessibility and location of sources of proof; and (7) the possibility of delay and prejudice if transfer is granted. *See, e.g., Lindloff v. Schenectady Int'l*, 950 F.Supp. 183, 185–186 (E.D.Tex.1996) (weighing a combination of factors). Public interest factors consist of (1) the administrative difficulties caused by court congestion, (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an

unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *See Walter Fuller Aircraft Sales,* 965 F.2d at 1389; *Robertson v. Kiamichi R.R. Co., L.L.C.,* 42 F.Supp.2d 651, 655, (E.D.Tex., 1999).

Under section 1404(a), the burden is on the moving party to establish why there should be a change of forum. *See Enserch Int'l Exploration v. Attock Oil Co.,* 656 F.Supp. 1162, 1167 n. 15 (N.D.Tex.1987). Moreover, there is a "strong presumption in favor of the plaintiff's choice of forum that may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Schexnider v. McDermott Int'l, Inc.,* 817 F.2d 1159, 1163 (5th Cir.1987), cert. denied, 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987).

## B. Application

### 1. *The Court May Exercise Personal Jurisdiction*

■ After applying the above-stated principles of analysis regarding personal jurisdiction, the court concludes that this court may exercise general jurisdiction over INC. based on its systematic and continuous contacts with Texas via a pervasive, systematic, and continuous local advertising campaign. Specifically, the undersigned court adopts verbatim the findings and conclusions stated in an earlier decision of this court on this very question. *See Gorman v. Grand Casino of Louisiana, Inc.,* 1 F.Supp.2d 656 (E.D.Tex. 1998).

INC. argues that there is an important difference between this case and *Gorman* because the present record establishes that the pervasive, systematic, and continuous local advertising campaign was exclusively controlled, operated, and paid for by the Tribe, not INC. This does constitute a factual distinction from *Gorman,* but it is a distinction without a substantive difference. The source of funds advertising INC.'s casino operations

is immaterial. Whether INC.'s advertising campaign is paid for and managed by an allied third party acting in INC.'s behalf does not alter the fact that INC. has contacts with Texas sufficiently purposeful and systematic to support the exercise of personal jurisdiction. Were the court to embrace the distinction advocated by INC., it would invite abuse. Defendants with continuous and systematic contacts with any state could conveniently and improperly extricate themselves from jurisdiction of courts in such states by utilizing opportunistic, manufactured, and convoluted marketing schemes tantamount to a shell game.

### 2. *The Tribe is not an Indispensable Party*

■ An earlier decision of this court in a personal injury action arising from an accident on the same premises as involved here determined that the Tribe is not an indispensable party. *See Accardo v. Grand Casino of Louisiana, Inc.—Coushatta D/B/A Grand Casino Coushatta,* No. 1:00–CV–360 (E.D.Tex., August 4, 2000)(Order Denying Motion to Dismiss for Failure to Join an Indispensable Party). Here, as in that case, INC. has asserted only conclusory statements insufficient to carry its burden of proof and show the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by its absence.[3]

### 3. *Venue is Proper and Convenient in Eastern District of Texas*

The final inquiry concerns venue. INC.'s motion to transfer under 28 U.S.C. § 1406(a) is moot under the foregoing findings. Venue in a diversity suit lies against a corporate defendant in any district where the corporation resides. 28 U.S.C. § 1391(a). A corporation is deemed to reside in any district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). Since the court has

---

**3.** In *Hines v. Grand Casinos of Louisiana, LLC,* 140 F.Supp.2d 701 (W.D.La.2001), Coushatta Tribe of Louisiana was determined not to be an indispensable party in an action against the defendant for employment discrimination. In *Gore v. Grand Casinos of Louisiana,* Civ. A. No. 98–1253A, 1998 WL 1990523 (W.D.La. Sept.29, 1998), Coushatta Tribe of Louisiana was determined to be an indispensable party in an action asserting a tort claim against the defendant due to particulars of Louisiana law of agency as applied to general contractors and a Management Agreement between the tribe and the defendant.

determined that it has personal jurisdiction over INC., it resides in this district for purposes of venue. Therefore venue is proper, and transfer under 28 U.S.C. § 1406(a) is not authorized.

■ Any transfer of venue in this case must be warranted under 28 U.S.C. § 1404(a), which involves balancing the eleven convenience and public interest factors enumerated earlier. INC.'s motion for a Section 1404(a) transfer addresses only one convenience factor (location of defendant's witnesses), and one public interest factor (choice of laws). This cursory nod to the relevant standards is insufficient to show that the balance of convenience and justice substantially weighs in favor of transfer. Moreover, even if the court restricts the inquiry to these two factors, it cannot conclude that they militate strongly in favor of transferring venue. While several defense witnesses reside in the western district of Louisiana, plaintiff and medical service providers who will testify at trial reside in the eastern district of Texas. In addition, all witnesses, including defense witnesses, are within the forum court's subpoena power.

Finally, at this juncture the governing substantive law is not determined. This court is as convenient as any if tribal law governs. Only if Louisiana state law governs, will the choice of laws factor favor transfer. Therefore, INC. has not carried its burden with regard to a transfer of venue for convenience of parties and witnesses and in the interest of justice.

## V. Conclusion

In accordance with the foregoing opinion, INC.'s motion to dismiss for lack of personal jurisdiction, or, alternatively, for lack of an indispensable party will be denied. INC.'s alternative motion for transfer of venue also will be denied.